**GRANGER et al. v. CITY OF TULSA et al.**

No. 26544.    Sept. 17, 1935.

Rehearing Deniel Oct. 29, 1935

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1935.

John R. Woodard and Robert L. Davidson, for plaintiffs.

H. O. Bland, E. M. Gallaher, and Milton W. Hardy, for defendants.

GIBSON, J.  This is an original proceeding commenced in this court by petitioners wherein a writ of mandamus is sought against the respondents commanding them to provide proper appropriations for the salaries of petitioners for the fiscal year 1935-1936.

The petitioners are members of the fire department of the city of Tulsa. They complain that the mayor and board of commissioners, the legislative body of said city, and the excise board of Tulsa county intend, and are about, to appropriate insufficient funds for the payment of the salaries of petitioners as are now fixed by ordinance of said city. It is the contention of petitioners that their lawful salaries are fixed by initiated ordinance No. 2, enacted in 1928, whereas respondents are seeking to appropriate for and pay to petitioners salaries as provided for in ordinance No. 4110, enacted by the mayor and board of commissioners of Tulsa in 1935, wherein salaries of petitioners and others similarly situated are purported to be reduced in the aggregate sum of approximately $62,000 annually.

The legal question presented in this proceeding is whether or not the legislative body of the city, consisting of the mayor and board of commissioners, may, under the Constitution of the state and the charter of the city of Tulsa, repeal, alter, or change an ordinance adopted by the voters of the city as an initiative measure. If such power rests in the city board, then the petition must be denied.

It is conceded for the purposes of this litigation that initiated ordinance No. 2, of 1928, fixing salaries as now claimed by petitioners, is valid. It is the contention of petitioners that ordinance No. 4110, enacted by the legislative body of the city, wherein salaries were reduced, is unauthorized and void.

The legislative authority of the state is vested in the Legislature and the people by section 1, article 5, of the Constitution as follows:

"The legislative authority of the state shall be vested in a Legislature, consisting of a Senate and a House of Representatives; but the people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature."

Section 7, article 5, of the Constitution is as follows:

"The reservation of the powers of the initiative and referendum in this article shall not deprive the Legislature of the right to repeal any law, propose or pass any measure, which may be consistent with the Constitution of the state and the Constitution of the United States."

Section 2, article 5, of the Constitution reserves to the people the power of the initiative and referendum. Section 5 of said article reserves the same power to every county and district therein. Section 4 (a), article 18, of the Constitution reserves the same power to the people of municipal corporations, as follows:

"The powers of the initiative and referendum, reserved by this Constitution to the people of the state and the respective coun-

ties and districts therein, are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this state, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance with the provisions of this Constitution."

Statutes have been enacted vitalizing these provisions. Section 25, article 3, of the charter of the city of Tulsa reads as follows:

"All the powers vested in this charter in the board of commissioners of the city of Tulsa, in regard to ordinances and all legislative authority vested in said board, are subordinate and subject to said powers of the initiative and referendum set forth in the Constitution and statutes of the state of Oklahoma, which are now in force and effect, or which may be hereafter passed to carry out the provisions of the Constitution in regard to the initiative and referendum."

There is no express provision in the State Constitution prohibiting the Legislature or a municipal legislative body from repealing or amending the measures initiated by the people of the state or the municipality, respectively. And the charter of the city of Tulsa contains no such provision unless it be found in section 25, article 3, thereof, supra. It is argued that the city board is prohibited from repealing an initiative ordinance by the provision in said section that its legislative authority is "subordinate and subject to said powers of the initiative and referendum set forth in the Constitution and statutes of the State of Oklahoma." This provision accomplishes no more than to reserve to the people of the city the power of the initiative and referendum and has no greater or other force or effect than the provision in section 1, article 5, supra, wherein the people of the state "reserve to themselves the power to propose laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature."

The rights reserved to the people of Tulsa relative to the initiative and referendum under the city charter are no different from the rights reserved to the people of the state by the Constitution. Section 25, article 3, of the city charter reserves no greater powers to the people of Tulsa than had already been reserved to them by the Constitution. Therefore, a question involving the repeal of an initiated ordinance enacted by the people of Tulsa as a legislative measure presents a question in all respects analogous to a question involving repeal of a legislative measure enacted by the people of the state at large, and the two questions may be disposed of upon a parity of legal reasoning.

The question here presented has been touched upon to some degree by this court in State ex rel. Caldwell v. Hooker, 22 Okla. 712, 98 P. 964. In that case the basic premise upon which all legislative acts are considered was stated as follows:

"The legislative department of a state is not made a special agency for the exercise of specifically defined legislative powers, but is entrusted with the general authority to make laws at discretion. Cooley's Const. Lim. (7th Ed.) 126."

And it was further stated in that case that section 36, article 5, of the Constitution "was incorporated to exclude the idea of the exclusion of power by implication." And the court holds further, as follows:

"* * * The power being reserved to the people to propose laws and amendments to the Constitution, and to enact or reject the same at the polls, independent of the Legislature, and also to approve or reject any of its acts, at the same time it being stipulated that the reservation of such power should not deprive the Legislature of the right to repeal any such law, or to propose or pass any measure which otherwise might be consistent with the Constitution of the state and of the United States, to avoid all those perplexing constitutional questions which have arisen in other states relative to restrictions by implication of legislative power is an additional reason for' inducing the ingrafting of the provision contained in section 36, art. 5 (Bunn's Ed. sec. 109) supra. * * *"

When this statement of the court is considered in comparison with decisions of the courts of other states whose constitutional provisions are similar to our own, we agree with the statement of the Criminal Court of Appeals of this state in Leach v. State, 17 Okla. Cr. 322, 188 P. 118, as follows:

"* * * In the case of State ex rel. Caldwell v. Hooker, supra, the Supreme Court said that this means 'which may be otherwise consistent' with the Constitution of the state and the Constitution of the United States, thereby in effect saying that no act of the Legislature otherwise constitutional should be set aside because in contravention of the powers reserved to the people by the referendum."

Oregon's constitutional provisions relative to the initiative and referendum are similar

to ours, as was stated in Ex parte Wagner, 21 Okla. 33, 95 P. 435, as follows:

"The initiative and referendum provisions, relating, not only to the affairs of the state, but also to counties and cities, are taken substantially from the Constitution of Oregon. * * *"

It has been definitely held by the Supreme Court of that state in Kadderly v. Portland (Ore.) 74 P. 710, 75 P. 222, as follows:

"* * * Laws proposed and enacted by the people under the initiative clause of the amendment are subject to the same constitutional limitations as other statutes, and may be amended or repealed by the Legislature at will."

In those jurisdictions where the Constitution does not specifically prohibit the Legislature from repealing initiated legislation, it is commonly held by the courts of such jurisdictions that acts so passed are subject to repeal by the Legislature in the same manner as other ordinary legislative measures are repealed. Kadderly v. Portland, supra; State ex rel. Halliburton v. Roach (Mo.) 130 S. W. 689; In re Senate Resolution No. 4 (Colo.) 130 P. 333; State v. Whisman (S. D.) 154 N. W. 707; State ex rel. Evans v. Stewart, 53 Mont. 18, 161 P. 309; Baird v. Burke County (N. D.) 205 N. W. 17; State ex rel. Singer v. Cartledge (Ohio) 195 N. E. 237.

The cases relied upon by petitioners for authority that a legislative body may not repeal an initiated law are from the courts of Kentucky and Washington. Allen v. Hollingsworth (Ky.) 56 S. W. (2d) 530; Stetson v. City of Seattle (Wash.) 134 P. 494; State ex rel. Knez v. City of Seattle (Wash.) 28 P. (2d) 1020, 33 P. (2d) 905. These decisions rest upon the fact that the legislative bodies are expressly prohibited from repealing initiated laws.

We therefore hold that laws proposed and enacted by the people of Tulsa under the initiative provisions of the Constitution and the charter of the city of Tulsa are subject to the same constitutional limitations as are other statutes, and may be amended or repealed by the legislative body of the city at will.

It is argued that the case of Prairie Oil & Gas Co. v. District Court, 71 Okla. 32, 174 P. 1056, is authority for the contention that section 7, article 5, Constitution, supra, prohibits the Legislature from repealing an initiated law. We are unable to so interpret the decision in that case, and we find no statement therein inconsistent with the views herein expressed.

We recommend that the writ be denied.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH. PHELPS, and CORN, JJ., concur. RILEY, J., absent.