**George WYATT, Plaintiff,**

**v.**

**L. C. CLARK, Mayor of the City of Tulsa; Elizabeth Anderson, City Auditor of the City of Tulsa, and Thomas A. Landrith, Jr., City Attorney for the City of Tulsa, Defendants.**

**No. 36927.**

Supreme Court of Oklahoma.

July 2, 1956.

George Wyatt, pro se.

T. A. Landrith, Jr., City Atty., Edmund Lashley, Richard McGee, John Hager and Robert Lavender, Tulsa, 'for defendants.

DAVISON, Justice.

This is an original action in this court, brought by the plaintiff, George Wyatt against the defendants, L. C. Clark, Mayor of the City of Tulsa, Elizabeth Anderson, City Auditor of the City of Tulsa, and Thomas Landrith, Jr., City Attorney for the City of Tulsa. It is in the nature of an appeal from a decision of said City Auditor refusing to certify as sufficient an alleged "Initiative and Referendum Petition which was filed in her office on the 29th day of March, 1955." Such decision was founded upon her determination that, although said petition bore a sufficient number of signatures, it was otherwise insufficient.

Article 12 of the Charter of the City of Tulsa, consisting of thirteen sections, was an initiated amendment to the original charter and was adopted in 1948 by a vote of the people. It created a Utility Board which allegedly operated "separately from any other portion of the City Government and provided its own methods of operation." The petition which plaintiff filed with the City Auditor sought a vote of the people upon the adoption of

"An Amendment To The Charter Of The City Of Tulsa, Oklahoma Entitled:

"An Act Repealing Article 12, Sections 1 to 13 Inclusive Of The Charter Of The City Of Tulsa As Amended

"Be it amended by repealing the following provisions of said Charter, to-wit:

"All Of Article 12, Sections 1 to 13 Inclusive."

The City Auditor gave, as her reasons for not approving and certifying said petition, the following criticisms of its legality:

"(a) It does not set forth, in full, the Charter provisions sought to be amended or repealed.

"(b) It does not epitomize or summarize the Charter provisions sought to be amended or repealed.

"(c) The question sought to be submitted by said Initiative Petition refers only to certain numbered articles and numbered sections of the Charter of the City of Tulsa, without stating the

subject-matter of said Charter provisions sought to be amended or repealed.

"(d) The Initiative Petition circulated was incorrectly numbered and bore a printed number identical with that of a previous Initiative Petition which was submitted to the electorate and submitted to a vote of the people during the year 1954.

"(e) The Initiative Petition purports to submit the question of adopting a 'repeal' of a portion of the City Charter rather than seeking an amendment to the City Charter which repeals a portion thereof.

"(f) No proposed ballot title or copy of the proposed Initiative Petition was filed with the City Attorney in the manner or at the time prescribed by law."

The arguments of the parties, as contained in their briefs, are directed to whether or not the petition was sufficiently comprehensive and explicit to meet the constitutional and statutory requirements. The referee of this court, who heard the matter and has submitted findings of fact and conclusions of law, concluded that said petition was insufficient and that the criticisms of the City Auditor were well founded. However, there is here involved a question much more fundamental and decisive as to plaintiff's right to the relief sought. It is whether or not the people have reserved to themselves any legislative power to repeal and nothing more, a law or charter amendment.

By virtue of the provisions of Art. XVIII, § 4(a), Const., there was reserved to the people of the municipalities, the same powers of legislation by initiative and referendum as was reserved to the people of the State by Const. art. V, § 2. Therefore, the extent of that power must be determined by an interpretation of the latter section and other interrelated sections as well as the statutory provisions vitalizing them. 34 O.S.1951 § 1 et seq. By section 1 of Art. 5 of the Constitution, the legislative power was vested in the Legislature except that the people reserved to themselves "the power to propose *laws and amendments* to the Constitution and to *enact* or *reject* the same at the polls independent of the Legislature, and also * * at their own option to *approve* or *reject* at the polls any act of the Legislature."

Section 2 of the same Article provides that,

"The first power reserved by the people is the initiative, and eight per centum of the legal voters shall have the right to propose any legislative measure, and fifteen per centum of the legal voters shall have the right to propose amendments to the Constitution by petition, and every such petition shall include the full text of the measure so proposed. The second power is the referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health, or safety), either by petition signed by five per centum of the legal voters or by the Legislature as other bills are enacted."

By reason of said constitutional provisions, all power of legislation was vested in the Legislature except such as was specifically denied to it. In re Block 1, Donly Heights Addition, Oklahoma City, 194 Okl. 221, 149 P.2d 265. A definition of initiative and referendum is necessary in determining what powers were reserved by such designation. The following is that given in 82 C.J.S., Statutes, § 115, p. 193,

"Initiative is the power reserved to the people by the constitution to propose bills and laws and to enact or reject them at the polls independent of legislative assembly. Referendum is the right reserved by the constitution to the people of a state or local subdivision thereof to have submitted for their approval or rejection any act, or part of an act, item, section, or part of any bill, passed by the legislature,

and which, in most cases, would without action on the part of the electors become a law."

See also, City of Litchfield v. Hart, 306 Ill.App. 621, 29 N.E.2d 678.

We are not here concerned with, nor do we express an opinion on, the power of repeal of conflicting or overlapping laws, inherently a part of the power to enact new laws or amendments to old ones, (the power of initiative). What plaintiff here is attempting to accomplish is to amend the charter of the City of Tulsa "by repealing the following provisions of said Charter to-wit: All of Article 12, sections 1 to 13 inclusive." Within the meaning of the constitutional provisions above set out and the legislative acts (supra) vitalizing them the enactment here proposed was not an initiated measure. It was not a proposed law nor was it an amendment to the charter. Therefore, any power of the people to vote thereon would have to stem from their reserved power of referendum.

In considering the exercise of the power of referendum as to an ordinance and the authority of the legislative body to amend or repeal the act while referendum proceedings were in progress, this court, in the case of In re Referendum Petition No. 1 Ordinance 6–B, City of Sand Springs, 203 Okl. 298, 220 P.2d 454, defined said power as,

"A reservation by the people of the right to have submitted to them for their approval or rejection any laws passed by the Legislature."

Therein, the procedural requirements, 34 O.S.1951 § 8, prerequisite to invoking the power of referendum were also discussed. In the instant case, the law sought to be repealed was not one enacted by the legislative body but was itself an initiated measure. Had it been an enactment of the City Council, the present proceedings were started some eight years after its adoption—far too late for the exercise of the power of referendum.

It was held by the Missouri Court, in the case of State ex rel. Moore v. Toberman, 363 Mo. 245, 250 S.W.2d 701, that,

"A constitutional provision should never be construed to work confusion and mischief unless no other reasonable construction is possible. * * *

"Constitutional provision that any measure referred to the people shall take effect when approved by a majority of the votes cast thereon and not otherwise is a clear declaration that the referendum provided for is not intended to apply to laws that have become effective."

Following this line of reasoning to a logical conclusion, it is determined that the people of a municipality have reserved to them the power to repeal a law or part of a charter only by complying with the procedural requirements and invoking the power of referendum or by making such repeal an ancillary step in proposing a conflicting law or amendment under the power of the initiative. The soundness of such a conclusion is readily apparent when consideration is given to various situations which might possibly arise. Confusion would be rampant if the people of a community could repeal those sections of the laws which establish the police department or the office of mayor or any other vital office without, at the same time, proposing some form of amendment to effect the performance of the duties placed upon those officers. By having the power of repeal alone, vested in the legislative body, it is in more experienced hands and, in addition, is safeguarded by the peoples' power of referendum over final adoption of any such enactment.

The municipal clerk may declare as insufficient, an initiative or referendum petition which shows on its face that it covers a subject not reserved to the people under the initiative and referendum provisions of the Constitution. In re Referendum Petition No. 1 Town of Haskell, 182 Okl. 419, 77 P.2d 1152; In re Initiative Petition No. 2 of Town of Skiatook, 205 Okl. 160, 236 P.2d 247.

Having reached the conclusion that the defendant, City Auditor, was justified in her decision that the initiative petition of plaintiff was insufficient, it is unnecessary for us to determine the several issues presented in the briefs.

The judgment is for defendants.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.