In re Initiative Petition Filed April 18, 1966, for Proposed Ordinance to the City of Edmond, Oklahoma.

Ed HUGHES and Mrs. Melba Glasgow, Appellants and Plaintiffs in Error,

v.

W. B. BRYAN, City Clerk of the City of Edmond, and Charles Johnson, Mayor, of the City of Edmond, Oklahoma, Respondents and Defendants in Error.

No. 42108.

Supreme Court of Oklahoma.

Feb. 28, 1967.

James D. Grigsby and Don Manners, Oklahoma City, for plaintiffs in error and appellants.

Robert T. Rice, City Atty., Edmond, and Mathews, Buck, Cain & Lynn, by Thomas C. Lynn, Oklahoma City, for defendants in error and respondents.

DAVISON, Justice.

There is involved here an appeal from the decision of the City Clerk of the City of Edmond, Oklahoma, holding insufficient an Initiative Petition whereby the proponents sought to submit to a vote of the people a proposed ordinance prohibiting the City of Edmond from further exercising the provisions of the Urban Redevelopment Act.

The pertinent portions of the Initiative Petition are as follows:

"BE IT ORDAINED BY THE PEOPLE OF THE CITY OF EDMOND, OKLAHOMA COUNTY, OKLAHOMA:

"Section 1. That the City of Edmond, acting through the Mayor, and City Council of said City, shall be and it is hereby prohibited from further exercising the authority granted to it by the Urban Development Act of 1961 of the State of Oklahoma.

"Section 2. That the City of Edmond is prohibited from approving an urban renewal plan or project for any area of the City of Edmond."

The completed Initiative Petition was filed in the office of the City Clerk of the City of Edmond, Oklahoma, on April 18, 1966. A protest to the petition was filed. The City Clerk conducted an open hearing and on June 28, 1966, held the petition insufficient.

The findings of the City Clerk holding the petition insufficient are as follows:

"Section 2 of the proposed Ordinance is an attempt to control by the Initiative, acts of the governing body of the City which are properly administrative functions. It is an attempt to prohibit the city, through its governing body, from forever and for all times approving any act or measure which might be defined as an urban renewal plan or project, and which might be for the improvement and betterment of the City, and which might be a proper administrative function under the 'police powers.' Section 2 of the petition therefor appears to be a measure designed to interfere with the administrative powers of the governing body rather than a measure designed to effect the City's legislative power.

"A proposed law or ordinance should be sufficiently specific in its terms so that a voter can reasonably know and understand what the law or ordinance will be or do if enacted. Section 2 is not detailed or specific in its terms.

"Section 2 of the petition does not cover a subject reserved to the people under the initiative and referendum provisions of the Oklahoma Constitution."

Plaintiffs in error concede in their briefs that prior to the filing of the Initiative Petition a majority of "the qualified property taxpayers" at a special election held in the City of Edmond on September 14, 1965, approved an ordinance enacted by the City Council authorizing the City to avail itself of the benefits provided for in the Urban Redevelopment Act of 1961, Title 11, Chapter 40, Session Laws of Oklahoma, 1961.

The objective of the Initiative Petition is to prohibit the proper officials of the City of Edmond from further exercising the authority granted to it by the Urban Rede-

velopment Act and approving urban renewal plans under the provisions of such Act.

 The proposed Initiative Petition shows on its face that it covers a subject not reserved to the people under the initiative and referendum provisions of our Constitution.

Citizens of municipalities have the same reserved powers of initiative and referendum regarding legislation effecting the ordinances and charter of the municipality as is reserved to the people under the initiative and referendum provisions of our Constitution. Art. 18, § 4(a) and Art. 5, §§ 1, 2, Constitution of Oklahoma.

Art. 5, § 1, supra, reads:

The Legislative authority of the State shall be vested in a Legislature, consisting of a Senate and a House of Representatives; but the people reserve to themselves the power to *propose laws and amendments* to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option *to approve or reject* at the polls any act of the Legislature." (emphasis ours)

In the present Initiative Petition the proponents do not seek the enactment of new legislation or the repeal of existing ordinances as ancillary to the enactment of new legislation. They seek to prohibit public officials from carrying out administrative duties enjoined upon them by existing ordinances.

The situation presented here is quite similar to the one before this court in Wyatt v. Clark, Okl., 299 P.2d 799, wherein petitioners by initiative petition sought to submit to a vote of the citizens of Tulsa the sole question of the repeal of certain provisions to the charter of the City of Tulsa creating a utility board. This court held an initiative petition covering solely the proposed repeal of existing ordinances and not including proposed new legislation or amendments to existing ordinances to be insufficient as it did not involve a subject reserved to the people under the initiative and referendum provisions of the Oklahoma Constitution.

The reasoning in the cited case is applicable to the present controversy and we reaffirm the holding in that case.

The motion to dismiss this appeal is sustained and the decision of the City Clerk of the City of Edmond, Oklahoma, holding the Initiative Petition, herein involved, insufficient, is affirmed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.