465 P.2d 470 (1970)
In re INITIATIVE PETITION NO. 1 OF MIDWEST CITY, Oklahoma.
Mrs. Naomi M. SMITH, Appellant and Plaintiff in Error,
v.
Tommy MELTON, City Clerk, Midwest City, Oklahoma, Respondent and Defendant in Error.
No. 43119.
Supreme Court of Oklahoma.
January 27, 1970.
Naomi M. Smith, pro se.
Jack Trezise, Midwest City, for appellee.
*471 McINERNEY, Justice.
Original proceeding brought by Mrs. Naomi Smith, appearing pro se, as appellant, against Tommy Melton, City Clerk of Midwest City, Oklahoma, appellee, in the nature of an appeal from a decision of the city clerk refusing to certify as sufficient an initiative petition filed by appellant, and others not appealing. Dr. Thomas Dunn, Mrs. Jean French and T.A. Curtin protested the sufficiency of the petition before the city clerk and appear here as appellees.
The decision of the city clerk was based upon his findings (1) that the number of valid signatures is not equal to twenty percent of the votes cast at the General Election held November 8, 1966; (2) that the verification of the circulator does not state that the signatures are those by residents of the affected municipality; and (3) that the petition is insufficient for the reason that it does not contain matters and provisions that are specifically reserved to the people of the affected municipality.
The question presented by the initiative petition is:
"`Shall the following proposed amendment to the city charter of the city of Midwest City, Oklahoma be approved?'
TITLE
AN AMENDMENT TO THE CITY CHARTER OF THE CITY OF MIDWEST CITY, OKLAHOMA GUARANTEEING THAT ANY ORDINANCE AFFECTING THE SALE OR TRANSFER OF PRIVATELY OWNED REAL ESTATE OR THE LEASING OR RENTAL OF PRIVATELY OWNED REAL ESTATE SHALL NOT BE OF ANY FORCE OR EFFECT UNLESS AND UNTIL SUBMITTED TO A VOTE OF THE *472 QUALIFIED VOTERS OF THE CITY OF MIDWEST CITY, OKLAHOMA.
BE IT ENACTED BY THE PEOPLE OF THE CITY OF MIDWEST CITY, OKLAHOMA THAT AN AMENDMENT TO THE CHARTER OF THE CITY OF MIDWEST CITY, OKLAHOMA SHALL READ AS FOLLOWS:
"No such ordinance shall be effective until a majority of the qualified voters of the city of Midwest City, Oklahoma who vote in an election to be held for that purpose have approved the same. This section is self-executing and shall supersede all provisions in conflict therewith."
The respective contentions of the parties, as contained in their briefs are directed to whether the petition is sufficiently comprehensive and explicit to meet the constitutional and statutory requirements. Among several contentions appellees urge that this court uphold that the decision of insufficiency as pronounced by the city clerk on the ground the proposal is not one reserved by the people for legislative action by initiative petition, and on that ground the decision by the appellee city clerk is affirmed.
The measure proposed presents a similar question discussed by this court in Wyatt v. Clark, Okl., 299 P.2d 799. The people of a municipality have reserved to them the power to repeal a law or part of a charter only by complying with the procedural requirements and invoking the power of referendum or by making such repeal an ancillary step in proposing a conflicting law or amendment under the power of the initiative. Citizens of municipalities have the same reserved powers of initiative and referendum regarding legislation affecting the ordinances and charter of the municipality as are reserved to the people under the initiative and referendum provisions of Const. Art. 18 § 4 (a) and Art. 5 §§ 1 and 2 where the city charter makes no provision for either. 34 O.S. 1961, § 51; Hughes v. Bryan, Okl., 425 P.2d 952, 954. This court takes judicial notice of municipal charter provisions and the charter of the municipality here involved contains no related provision. 11 O.S. 1961, § 560.
The proposed change in the charter seeks to limit the legislative function of the municipal government by making enactment of ordinances on a particular subject unauthorized, in derogation of the general legislative authority granted to the municipal governing body by the charter. A charter amendment may be adopted by initiative petition process only as an incident to adoption of alternative charter provisions.
Because the city clerk is found to have been correct in his holding that the initiative petition is insufficient as encompassing a measure not reserved to the people under the power of the initiative, the consideration of constitutional issues strongly urged by appellees need not be determined. Starrett v. Midwest City, Okl. Cr., 374 P.2d 777.
The decision by the city clerk of Midwest City, Oklahoma holding Initiative Petition No. 1 of Midwest City, Oklahoma insufficient, is affirmed.
All Justices concur.