Dear Representative Fred S. Morgan.
¶ 0 This Office has received your request for an Opinion addressing the following question:
Can a municipality's city council vote to eliminate its shareof the sales tax for one day?
¶ 1 A city is authorized by 68 O.S. Supp. 1998, § 2701[68-2701] to assess taxes for such general and specific purposes of the municipal government as the Legislature may levy and collect for purposes of State government. The pertinent provisions of the statute read as follows:
 Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes. Provided:
 1.Taxes shall be uniform upon the same class subjects, and any tax, charge, or fee levied upon or measured by income or receipts from the sale of products or services shall be uniform upon all classes of taxpayers;
 2.Motor vehicles may be taxed by the city or town only when such vehicles are primarily used or located in such city or town for a period of time longer than six (6) months of a taxable year;
. . . .
 6.The governing body of any city or town shall be prohibited from proposing taxing ordinances more often than three times in any calendar year, or twice in any six-month period;
 7.Any revenues derived from a tax authorized by this subsection not dedicated to a limited purpose shall be deposited in the municipal general fund.
68 O.S. Supp. 1998, § 2701[68-2701](A) (emphasis added).
¶ 2 Pursuant to 68 O.S. 1991, § 1351[68-1351] of the Oklahoma Sales Tax Code, 68 O.S. 1991 and Supp. 1998, §§ 1350-1374, the Legislature levies a tax on sales to the consumer. A city may, therefore, levy a tax on sales within the municipality. While a city or town has the authority to levy a sales tax, such taxes are not valid until approved by a majority vote. Section 2705 of Title 68 provides:
 Any taxes which may be levied by an incorporated city or town as authorized by this act shall not become valid until the ordinance setting the rate of such tax shall have been approved by a majority vote
of the registered voters of such incorporated city or town voting on such question at a general or special municipal election and no ordinance shall be resubmitted for ratification within six (6) months following its defeat by the electors.
68 O.S. 1991, § 2705[68-2705] (emphasis added).
¶ 3 You have asked this office to determine whether a governing body of the municipality may vote to eliminate, for the period of one day, the city sales tax. In Granger v. City of Tulsa,51 P.2d 567 (Okla. 1935), the Supreme Court was asked to determine whether the legislative body of a city could, under the Constitution of the State and the charter of the city, repeal, alter or change an ordinance adopted by the voters of the city as an initiative measure. The Court found no express provision in the Oklahoma Constitution prohibiting a municipal legislative body from repealing or amending the measures initiated by the people of the municipality. The Court made the following holding:
 In those jurisdictions where the Constitution does not specifically prohibit the Legislature from repealing initiated legislation, it is commonly held by the courts of such jurisdictions that acts so passed are subject to repeal by the Legislature in the same manner as other ordinary legislative measures are repealed.
 The cases relied upon by petitioners for authority that a legislative body may not repeal an initiated law are from the courts of Kentucky and Washington. These decisions rest upon the fact that the legislative bodies are expressly prohibited from repealing initiated laws.
 We therefore hold that hold that laws proposed and enacted by the people of Tulsa under the initiative provisions of the Constitution and the charter of the city of Tulsa are subject to the same constitutional limitations as are other statutes, and may be amended or repealed by the legislative body of the city at will.
Id. at 569 (citations omitted).
¶ 4 Although it specifically addressed the question of repeal by the legislative body of measures passed pursuant to initiative provisions, the analysis would be the same as to taxing measures enacted pursuant to statutory authority. The legislative body of the city could, therefore, eliminate a sales tax enacted by the voters.
¶ 5 Elimination of the tax for only one day creates a problem because the governing body of the city has no statutory authority to reinstate an eliminated tax. Reinstatement pursuant to the provision of 68 O.S. 1991, § 2705[68-2705] which requires that any tax is not valid until approved, would require the assent of a majority of the voters.[1] The policy which underlies Section 2705 is that a tax will not be levied by a city without voter approval. This policy is also applicable to an "eliminated" tax. While the governing body could eliminate the tax, reinstatement would require a vote pursuant to 68 O.S. 1991, §2705[68-2705].
 ¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A city council may vote to eliminate a city sales tax, butpursuant to 68 O.S. 1991, § 2705[68-2705], reinstatement of the taxrequires a vote of the people.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] Pursuant to Article XVIII, § 3(a) of the Oklahoma Constitution and 11 O.S. 1991, § 13-101[11-13-101], any city or town containing a population of at least two thousand (2,000) inhabitants "may frame a charter for its own government." Although provisions of a city charter may not contravene State constitutional provisions, In re Supreme Court Adjudication ofInitiative Petitions, 534 P.2d 3, 7 (Okla. 1975), the provisions of a city charter prevail when they conflict with State law as to purely municipal matters or local concerns. Vinson v. Medley,737 P.2d 932, 936 (Okla. 1987); City of Muskogee v. Senter,96 P.2d 534, 535 (Okla. 1939). General laws of the state which address matters of statewide concern, however, control over conflicting charter provisions. City of Pryor Creek v. PublicService Company of Oklahoma, 536 P.2d 343, 346 (Okla. 1975). Voter approval is provided for as part of the grant of authority to levy sales tax and is, therefore, a matter of statewide concern which would control over conflicting charter provisions.