Dear Senator Milacek,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is a bill referring a revenue-raising matter to the vote of the people subject to the requirements of Article V, Section 33 of the Oklahoma Constitution, including the requirement that no revenue bill may become effective until it has been approved by a majority of votes cast on the measure at a general election?
¶ 1 You ask whether a bill referring a revenue-raising bill to a vote of the people is subject to the specific provisions in the Oklahoma Constitution governing revenue-raising bills. You specifically ask whether the constitutional provision at Article V, Section 33(C), requiring that a revenue-raising bill "shall become effective" only if "at the next general election held throughout the state . . . it has been approved by a majority of the votes cast on the measure," applies to a bill which does not directly raise revenue, but refers the question of whether to raise revenue to a vote of the people. Id. An analysis of your question involves constitutional provisions relating to referendums and constitutional provisions governing revenue-raising bills. These "constitutional provisions are [to be] construed to harmonize with each other with a view to giving effect to each and every provision." Oklahoma City Urban RenewalAuth. v. Med. Tech. Research Auth., 4 P.3d 677, 686 (Okla. 2000).
 The Constitutional Provisions Governing Referendums
¶ 2 The power to propose laws and amendments to the Constitution, and to approve or reject any act of the Legislature is reserved to the people through the initiative and through the referendum. Okla. Const. art. V, § 2. A referendum, generally defined as "the right to the people to have submitted for their approval or rejection an act passed by the Legislature" (Hughesv. Bryan, 425 P.2d 952 (syllabus ¶ 1) (Okla. 1967)), may be ordered "either by petition signed by five per centum of the legal voters or by the Legislature as other bills are enacted." Okla. Const. art. V, § 2. The procedures for referendum petitions are set forth at Okla. Const. art. V, § 3. In pertinent part that Section of the Constitution provides:
 Referendum petitions shall be filed with the Secretary of State not more than ninety (90) days after the final adjournment of the session of the Legislature which passed the bill on which the referendum is demanded. The veto power of the Governor shall not extend to measures voted on by the people. All elections on measures referred to the people of the state shall be had at the next election held throughout the state, except when the Legislature or the Governor shall order a special election for the express purpose of making such reference. Any measure referred to the people by the initiative or referendum shall take effect and be in force when it shall have been approved by a majority of the votes cast thereon and not otherwise.
Id. (emphasis added). As noted, special elections on referendums may be ordered by the Legislature or the Governor.
 The Constitutional Provisions Governing Revenue-Raising Bills Apply To A Bill Referring A Revenue-Raising Measure To The Vote Of The People
¶ 3 Article V, Section 33 of the Oklahoma Constitution is a specific provision governing revenue-raising bills, and provides that all bills for raising revenue shall originate in the House of Representatives. The original version as it was adopted in 1907 provided:
 All bills for raising revenue shall originate in the House of Representatives. The Senate may propose amendments to revenue bills. No revenue bill shall be passed during the last five days of the session.
Id.
¶ 4 In 1931, the provision was changed to reorder the last phrase of Section 33 to read "the five last days" rather than "the last five days" of the legislative session. Okla. Const. art. V, § 33 (1931). Article V, Section 33 was amended by State Question No. 640 on March 10, 1992, by a vote of the people. Okla. Const. art. V, § 33 (1992). The legal sufficiency of the initiative petition was challenged and found to be legally sufficient in a number of different areas. See In re InitiativePetition No. 348, 820 P.2d 772 (Okla. 1991).[1] The requirement that bills for raising revenue shall originate in the House of Representatives remains, and Okla. Const. art. V, § 33(C) now provides:
 C. Any revenue bill originating in the House of Representatives shall not become effective until it has been referred to the people of the state at the next general election held throughout the state and shall become effective and be in force when it has been approved by a majority of the votes cast on the measure at such election and not otherwise, except as otherwise provided in subsection D of this section.
Id. (emphasis added). An exception exists at subsection D for bills that receive an approval of three-fourths of the membership of the House and the Senate. subsection D provides:
 D. Any revenue bill originating in the House of Representatives may become law without being submitted to a vote of the people of the state if such bill receives the approval of three-fourths (3/4) of the membership of the House of Representatives and three-fourths (3/4) of the membership of the Senate and is submitted to the Governor for appropriate action. Any such revenue bill shall not be subject to the emergency measure provision authorized in Section 58 of this Article and shall not become effective and be in force until ninety days after it has been approved by the Legislature, and acted on by the Governor.
Id.
¶ 5 Your question concerns a legislative referendum bill which refers a revenue-raising matter to the people for their approval or rejection. The bill originates in the House of Representative and is passed by a majority of the House and the Senate. You ask whether the provisions of Okla. Const. art. V, § 33 governing revenue-raising bills applies, and particularly, whether the requirement that a revenue-raising bill is to be voted on at the next general election is applicable. If the legislative referendum bill is a revenue-raising bill, it does not become effective "until it has been referred to the people of the state at the next general election held throughout the state." Okla. Const. art. V, § 33(C).
 The Provisions Of Okla. Const. art. V, § 33 Apply To A Bill Referring A Revenue-raising Matter To The Vote Of The People
¶ 6 The Oklahoma Supreme Court has not addressed the precise issue presented by your question. Thus, we look to general rules of law governing the construction of constitutional provisions. In analyzing constitutional provisions, we are mindful that "[c]onstitutional provisions are [construed] giving effect to the intent of the people voting on them." Calvey v. Dixon,997 P.2d 164, 170 (Okla. 2000). They are also construed to harmonize with each other to give "effect to each and every provision."Oklahoma City Urban Renewal Auth., 4 P.3d at 686. Amendments to constitutional provisions are construed to effectuate their purpose. Id.; Smith ex rel. State v. State Bd. ofEqualization, 630 P.2d 1264, 1267 (Okla. 1981).
¶ 7 In Calvey, the court discussed the history of Okla. Const. art. V, § 33, and the procedural requirements added by the March 10, 1992 elections. Calvey, 997 P.2d at 169. The particular question in Calvey was whether a bill which imposed a tax or a license fee incidental to legislation constituted raising revenue within the meaning of Article V, Section 33.Id. at 170. In noting that the 1992 procedural amendments did not change the definition of revenue-raising bills, the court noted that "revenue bills are those laws whose principal object is the raising of revenue and which levy taxes in the strict sense of the word." Id. The court specifically provided that "laws under which revenue may incidentally arise are not `revenue bills' or `bills for raising revenue' within the meaning of art. 5, § 33." Id. Thus, we must ask whether the "principal object" of the bill referring a revenue-raising matter to a vote of the people is raising of revenue.
¶ 8 Applying the test set forth by Calvey, we conclude that whether a bill directly raises revenue, or whether a bill is in the form of a referendum which refers to a vote of the people the question of whether to raise revenue, the principal object is the same — the raising of revenue. If the bill had been originally presented to the Legislature as a revenue-raising bill and passed a majority, but not three-fourths of the House and Senate, Section 33 requires that it would have to be referred to a vote of the people at the next general election held throughout the State in order for it to be effective. The manner of presenting the bill to a vote of the people would be through a referendum. The fact that the bill is initially presented as a referendum, bypassing the step of attempting to obtain three-fourths approval of the House and Senate, does not alter the fact that the principal object of the bill is to raise revenue. Therefore, under the definition set forth in Calvey, the bill is a revenue-raising bill and comes within the provisions of Section 33.
¶ 9 In determining the intent of the voters, the inclusion in the 1992 amendment to Article V, Section 33, that a revenue-raising bill shall be referred to the people "at the next general election" is obviously of some significance. Okla. Const. art. V, § 33(C). By this amendment, the people intended to change the method by which revenue is raised, including requiring that voters be presented with revenue-raising measures only "at the next general election." Id. This requirement is different from that made for other referred matters, which under Okla. Const. art. V, § 3, are voted on "at the next election held throughout the state" or at a special election set by the Legislature or Governor. Id. The specific constitutional provision at Article V, Section 33, governing revenue-raising bills, makes no provisions for such bills to be considered at a special election. These more recent and more specific provisions are controlling.See Pub. Serv. Co. v. Northeastern Okla. Elec. Coop.,49 P.3d 80, 83 (Okla. 2002) (holding where there is a conflict between two statutes, the most recent enactments ordinarily prevail);Carter v. City of Oklahoma City, 862 P.2d 77, 80 (Okla. 1993) ("Where two statutory provisions differ, one of which is special . . . and the other is general, the special statute applies.").
¶ 10 We thus conclude that a revenue-raising matter referred to the people for their approval or rejection may only be presented "at the next general election," and that such a matter may not be considered at a special election. Okla. Const. art. V, § 33(C). The distinction between the form of a bill that directly raises revenue and a bill referring to the people the question of whether to raise revenue is immaterial in giving effect to the intent of the people that revenue-raising bills, unless passed by three-fourths of the membership of the House and of the Senate, become effective only if approved by the people at the next general election. This construction harmonizes the constitutional provisions governing referendums and revenue-raising bills, and recognizes the specific provisions of Article V, Section 33, regarding revenue-raising bills.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A bill which refers to the people the question of whether to raise revenue has as its principle object the raising of revenue and constitutes a "revenue-raising bill" or a "bill for raising revenue" within the meaning of Article V, Section 33 of the Oklahoma Constitution. Such a bill is subject to the procedural requirements of that section which include becoming effective only upon being "approved by a majority of the votes cast" by the people of the State at the next general election held throughout the State. Okla. Const. art. V, § 33(C).
 2. Other than bills that have received approval of three-fourths of the membership of the House of Representatives and three-fourths of the membership of the Senate, no revenue-raising bill may be voted on at an election other than a general election, as a revenue-raising bill "shall not become effective until it has been referred to the people of the state at the next general election held throughout the state" and" approved by a majority of the votes cast." Okla. Const. art. V, § 33(C).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] The court upheld the petition against arguments that it: (1) violated the one subject rule of Okla. Const. art. XXIV, § 1
(id. at 777); (2) exceeded the initiative power of the people by destroying the state financing scheme (id. at 778); (3) violated 34 O.S. Supp. 1992, §§ 3[34-3] and 9, in that neither the gist of the proposition nor the ballot title explained the effect of the amendment; (id. at 779) and (4) violated the U.S. Const. art. IV, § 4, by destroying the Legislature's ability to make decisions in the area of taxation. Id. at 781.