2007 OK 29

Patricia TERRY, Jodi D. Iles, James Michael Iles, Susan Conner Fraka, Rick Reynolds, Ed Lunderblade, Marilyn Lunderblade, Beth A. Tiefenaaer, Ronald G. Tiefenaaer, and Tim Laird, Plaintiffs/Appellants,

v.

Sherry BISHOP, City Clerk; and City of Owasso, Oklahoma, a municipal corporation, Defendants/Appellees,

and

Four Points Development Company, LLC, Intervenor/Appellee.

No. 102,284.

Supreme Court of Oklahoma.

May 8, 2007.

KAUGER, J.

¶ 1 The determinative issue presented is whether the initiative petition to rezone previously zoned property is legally sufficient to be submitted to the electorate.[1] We hold that the petition is legally insufficient because it seeks to unconstitutionally bind the City from exercising its legislative power to rezone.

### STIPULATED FACTS[2]

¶ 2 On July 7, 2004, an application was filed with the appellee, the City of Owasso (City), to change the zoning of 66.4 acres of real property owned by the intervenor appellee, Four Points Development Company (landowner). The application proposed changing the zoning of the property from "single family residential" to "office medium intensity," to build a Medical Complex consisting of a hospital, medical and general offices, and senior living facilities.

¶ 3 After notices were published and public hearings were held, the Planning Commis-

---

1. Appellants also argued that the initiative process could be utilized to rezone a specific parcel of real property, and the appellees contended that the proposed ordinance failed for lack of general applicability. Because we find the petition was insufficient due to the restriction of City legislative power which is dispositive of this cause, we need not address those issues.

2. On April 26, 2005, the parties jointly filed a stipulation of the facts leading to this lawsuit.

sion voted unanimously on August 9, 2004, to recommend approval of the application to rezone—with some conditions regarding the proposed development. On August 17, 2004, the City Council also unanimously voted to approve the rezoning application and proposed development as revised. On September 7, 2004, the City Council adopted Ordinance No. 793 which changed the zoning of the property to "office medium intensity." [3]

¶ 4 On October 8, 2004, the appellants (Petitioners), filed an initiative petition in the office of the Owasso City Clerk (City Clerk) seeking a vote of the City electorate to rezone the property to "single family residential" and to prohibit any subsequent rezoning of the property for a period of ten years. On October 11, 2004, the Planning Commission and on October 19, 2004, the City Council, respectively, approved the final plat and site plan of the property for the Medical Complex. The Plat of the Owasso Medical Campus, a subdivision within the City of Owasso, was recorded on March 7, 2005.

3. At the same time, Ordinance No. 795 was also adopted which supplementally zoned the property for the Planned Unit Development No. 04-03.

4. Title 11 O.S.2001 § 15–103 provides:
A. The form of the petition for either initiative or referendum in a municipality shall be substantially as provided in Sections 1 and 2 of Title 34 of the Oklahoma Statutes. A true copy of each measure proposed by initiative and referendum shall be filed with the clerk of the municipality before it is circulated and signed by the registered voters.
B. Every petition for either the initiative or referendum shall be signed by a number of the registered voters residing in the municipality equal to at least twenty-five percent (25%) of the total number of votes cast at the preceding general election or biennial town meeting if the municipality is subject to the Oklahoma Town Meeting Act. The signatures to each petition shall be verified in the manner provided by law.
C. Signed copies of an initiative petition shall be submitted to the clerk within ninety (90) days after the initial filing of the measure with the clerk. Signed copies of a petition invoking a referendum upon any ordinance or resolution shall be submitted to the clerk within thirty (30) days after the passage of the ordinance or resolution. Amendments to municipal charters may be proposed by an initiative petition, and signed copies of such petition shall be submitted to the clerk not less than

¶ 5 On December 29, 2004, the Petitioners presented the City Clerk with thirty-two packets of Initiative Petitions including signatures in excess of the 25% required by 11 O.S.2001 § 15–103.[4] After review and consultation with the Owasso City Attorney, it was determined that the initiative petition was legally insufficient for placing the proposed ordinance before the electorate because: 1) zoning is not a proper subject of an initiative petition; 2) the proposed ordinance was not of general application throughout the City; 3) the proposed ordinance attempts impermissibly to enjoin the City from rezoning the property for a period of ten years; and 4) the Petitioners failed to prepare a proper form of ballot title. The City Clerk published a notice of determination of insufficiency in the *Owasso Reporter* on February 22, 2005.

¶ 6 That same day, the Petitioners filed a petition for a writ of mandamus in the District Court of Tulsa County. The writ sought to order the City Clerk to fulfill the duties imposed by 11 O.S.2001 § 15–104 [5]

sixty (60) days before the election at which the amendments are to be voted upon.

5. Title 11 O.S.2001 § 15–104 provides:
A. When signed copies of a petition are timely filed with the clerk, the clerk shall make a physical count of the number of signatures appearing on the petitions. He shall then publish, in at least one (1) newspaper of general circulation in the municipality, a notice of the filing and the apparent sufficiency or insufficiency of the petition. The notice shall also state that any qualified elector of the municipality may file a protest to the petition or an objection to the count made by the clerk.
B. A protest to the petition or the count of signatures shall be filed in the district court in the county in which the situs of the municipality is located within ten (10) days after the publication. Written notice of the protest shall be served upon the clerk and the parties who filed the petition. In the case of the filing of an objection to the count, notice shall also be served upon any party filing a protest. The district court shall fix a day, not less than ten (10) days after the filing of a protest, to hear testimony and arguments for and against the sufficiency of the petition. A protest filed by anyone, if abandoned by the party filing it, may be revived within five (5) days by any other qualified elector. After the hearing, the district court shall decide whether such petition is in form required by law.

such as verifying the signatures, certifying their validity, and publishing legal notice in the newspaper.[6] On March 11, 2005, the landowner filed a motion to intervene and the trial court permitted the intervention on March 18, 2005. The City Clerk answered the petition, contending that she had fulfilled her statutory duties, but that the initiative petition had been determined to be legally insufficient by the City Attorney.

¶ 7 On April 26, 2005, the Petitioners filed a motion for summary judgment. The parties agreed that the number of signatures and dates of filing met the statutory requirements of an initiative petition, but disputed whether the initiative process could be utilized to rezone a specific parcel of real property and whether the initiative petition was otherwise legally sufficient. A hearing was held on May 13, 2005, and the trial court, in an order filed June 1, 2005, determined

that: 1) zoning is not a proper subject for challenge by initiative petition; 2) even if it were, the proposed ordinance was not of general application; and 3) it impermissibly attempted to enjoin the City Council from rezoning the subject property for a period of ten years. We retained the cause on August 5, 2005;[7] the briefing cycle was completed on March 9, 2006; and the cause was assigned on December 22, 2006.

## ¶ 8 THE PETITION IS LEGALLY INSUFFICIENT BECAUSE IT SEEKS TO UNCONSTITUTIONALLY BIND THE CITY FROM EXERCISING ITS LEGISLATIVE POWER TO REZONE.

¶ 9 The Oklahoma Constitution, art. 5, §§ 1[8] and 2[9] endows the citizens of Oklahoma with the right of initiative and referendum.[10] The purpose of the initiative process is to allow the people to propose bills and

---

6. The Petitioners also sought a statutory penalty of $500.00 imposed by 12 O.S.2001 § 1462. Title 12 O.S.2001 § 1462 provides:

> Whenever a peremptory mandamus is directed to any public officer, body or board, commanding the performance of any public duty specially enjoined by law, if it appear to the court that such officer, or any member of such body or board, has, without just excuse, refused or neglected to perform the duty so enjoined, the court may impose a fine, not exceeding five hundred dollars, upon such officer or members of such body or board. Such fine, when collected, shall be paid into the treasury of the county where the duty ought to have been performed; and the payment thereof is a bar to an action for any penalty incurred by such officer or member of such body or board, by reason of his refusal or neglect to perform the duty so enjoined.

On June 30, 2005, the Petitioners dismissed the claim for damages and penalty.

7. We cannot undervalue the Oklahoma Constitutional right of initiative, nor may we ignore our constitutional duty to ensure that in the exercise of the right of initiative, the provisions of the Constitution are adhered to. The initiative process should only be abridged when either the procedural aspects of the process have not been followed or it is clear that the measure enacted would violate some fundamental law. *In re Initiative Petition No. 360, State Question No. 662,* 1994 OK 97, ¶ 36, 879 P.2d 810. We will declare a ballot initiative invalid in advance of a vote of the people where there is clear or manifest showing of unconstitutionality. *In re Initiative Petition No. 382, State Question No. 729,* 2006 OK 45, ¶ 16, 142 P.3d 400.

8. The Oklahoma Constitution, art. 5, § 1 provides:

> The Legislative authority of the State shall be vested in a Legislature, consisting of a Senate and a House of Representatives; but the people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act of the Legislature.

9. The Oklahoma Constitution, art. 5, § 2 provides:

> The first power reserved by the people is the initiative, and eight per centum of the legal voters shall have the right to propose any legislative measure, and fifteen per centum of the legal voters shall have the right to propose amendments to the Constitution by petition, and every such petition shall include the full text of the measure as so proposed. The second power is the referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health, or safety), either by petition signed by five per centum of the legal voters or by the Legislature as other bills are enacted. The ratio and per centum of legal voters hereinbefore stated shall be based upon the total number of votes cast at the last general election for the State office receiving the highest number of votes at such election.

10. *In re Initiative Petition No. 382, State Question No. 729,* see note 7, supra.

laws and enact them or reject them at the polls independent of legislative assembly.[11] The purpose of referendum is to allow the people to have an act of the Legislature submitted to them at the polls for their acceptance or rejection.[12]

¶ 10 The City contends that the proposed ten year restriction of the proposed ordinance is in direct conflict with the legislative power of the City Council to amend or repeal, at any time, any ordinance, including those enacted by the initiative petition. The Petitioners deny that the petition is legally insufficient.

¶ 11 In *Granger v. City of Tulsa*, 1935 OK 801, 51 P.2d 567, the Court was asked to determine whether a legislative body of a city could, under the Constitution of the State and the Charter of the City of Tulsa, repeal, alter or change an ordinance adopted by the voters of the city as an initiative measure.

¶ 12 The Court determined that there was no express provision in the Oklahoma Constitution prohibiting a municipal legislative body from repealing or amending measures initiated by the people of the municipality. After discussing the rights of the people of a municipality and the people of the State to initiate measures, the *Granger* Court concluded that repeal by the people of

Tulsa is analogous to repeal of a legislative measure by the people of the State. The Court stated:

> ... [L]aws proposed and enacted by the people of Tulsa under the initiative provisions of the Constitution and the charter of the city of Tulsa are subject to the same constitutional limitations as are other statutes, and may be amended or repealed by the legislative body of the city at will.[13]

Our decision in *Granger* is consistent with the holding in *State v. Coyle*, 1912 OK CR 126, 7 Okla.Crim. 50, 122 P. 243 which recognized the fundamental constitutional principle that a legislative body may not irrevocably bind its successors. In *Coyle*, the court determined that:

> There is nothing in our Constitution which prohibits the Legislature from repealing or modifying the acts of its predecessors or its own. It is fundamental that the Legislature cannot pass an irrepealable law.[14]

¶ 13 The City Council of Owasso derives its power to legislate under 11 O.S.2001 § 10–106.[15] This power is subject to limitations imposed by either the Oklahoma Constitution or other law.[16] Unlike some other states which prohibit the amendment of an initiative within two or three years of its passage or which require an initiative measure to be repealed or amended only in the same manner it was adopted, Oklahoma has no such

---

**11.** *In re Initiative Petition No. 348, State Question No. 640*, 1991 OK 110, ¶ 1, n. 1, 820 P.2d 772; *Hughes v. Bryan*, 1967 OK 57, ¶ 0, 425 P.2d 952; *Wyatt v. Clark*, 1956 OK 210, ¶ 0, 299 P.2d 799.

**12.** *Id.*

**13.** *Granger v. City of Tulsa*, 1935 OK 801, ¶ 15, 51 P.2d 567.

**14.** *State v. Coyle*, 1912 OK CR 126, 7 Okla.Crim. 50, 122 P. 243, 253.

**15.** 11 O.S.2001 § 10–106 provides:
All powers of a statutory council-manager city, including the determination of matters of policy, shall be vested in the council. Without limitation of the foregoing, the council may:
1. Appoint and remove the city manager as provided by law;
2. Enact municipal legislation subject to limitations as may now or hereafter be imposed by the Oklahoma Constitution and law;
3. Raise revenue, make appropriations, regulate salaries and wages, and all other fiscal affairs of the city, subject to such limitations as

may now or hereafter be imposed by the Oklahoma Constitution and law;
4. Inquire into the conduct of any office, department or agency of the city, and investigate municipal affairs, or authorize and provide for such inquiries;
5. Appoint or elect and remove its own subordinates, members of commissions and boards and other quasi-legislative or quasi-judicial officers as provided by law, or prescribe the method of appointing or electing and removing them;
6. Create, change and abolish offices, departments and agencies other than those established by law, and assign additional functions and duties to offices, departments and agencies established by this article; and
7. Grant pardons for violations of municipal ordinances, including the remission of fines and costs, upon the recommendation of the municipal judge.

**16.** *Id.*

provision.[17] The Oklahoma Constitution, art. 5, § 7 provides:

> The reservation of the powers of the initiative and referendum in this article shall not deprive the Legislature of the right to repeal any law, propose or pass any measure, which may be consistent with the Constitution of the State and the Constitution of the United States.

The rationale of *Granger*, supra, is applicable to these facts. If an initiative is subject to the same limitations as other statutes, and a statute may be amended or repealed by a legislative body at will, then an initiative petition may not preclude the Owasso City Council from rezoning the property for a period of ten years.[18] The ten year prohibition on the city council forbidding rezoning on this tract renders the petition unconstitutional.

■ ¶ 14 Nor do we find the ten year prohibition severable. Offending provisions of an initiative are not severable if they are fundamental to the petition.[19] The expressed purpose of this particular initiative petition with the ten year prohibition was to rezone the property and to preclude the City from rezoning the property for a period of more than one year.[20] Because we view the ten year prohibition as fundamental to the petition, we do not view it as severable.

## CONCLUSION

■ ¶ 15 The rights of the initiative and referendum are precious, and this Court is zealous to preserve them to the fullest measure of the spirit and the letter of the law.[21] All doubt concerning the construction of pertinent constitutional and statutory provisions is resolved in favor of the initiative.[22] The initiative power should not be crippled, avoided, or denied by technical construction by the courts.[23] However the right of initiative is not absolute; it is subject to constitutional and statutory limits. Here the attempt to irrevocably bind the municipal legislative body from making amendments or repealing the measure for ten years renders the proposal unconstitutional.[24]

---

17. Some states have constitutional provisions which prohibit the legislature from repealing a measure passed by the initiative process for a period of time or require repeal only to be made by another initiative. For example, under the Nevada Constitution, art. 19, § 2(3) amendment of an initiative is prohibited within the first three years of its passage. *Sustainable Growth Initiative Committee v. Jumpers, LLC.*, 122 Nev. 53, 128 P.3d 452, 465 (2006). Other states, such as Washington, have had provisions which forbid repeal or amendment for two years or Arizona which has held that an initiated measure could only be repealed or amended in the same manner as that in which it was adopted. *See generally*, J.E. Macy, Annotation, "Power of Legislative Body to Amend, Repeal, or Abrogate Initiative or Referendum Measure, or to Enact Measure Defeated on Referendum," 333 A.L.R.2d 1118 (1954). Our constitutional provisions have no such restrictions. *See*, Oklahoma Constitution, art. 5, § 1, see note 8, supra; Oklahoma Constitution, art. 5, § 2, see note 9, supra.

18. Section 2 of the initiative petition provides:
   The property herein described shall not be rezoned for non-residential use by the City Council for a minimum of ten (10) years from the date of passage of this Ordinance.

19. *In re Initiative Petition No. 27*, 2003 OK 104, ¶ 16, 82 P.3d 90; *In re Initiative Petition No. 315, State Question No. 553*, 1982 OK 15, ¶ 5, 649 P.2d 545.

20. The trial transcript of the hearing held on May 13, 2005, at p. 31 provides in pertinent part:
   "... the proposed ordinance in the initiative petition calls for a moratorium or freezing of the zoning of this property for 10 years. That's not particularly unusual, to freeze a piece of property and not zone it for a period of time. The Court may think that 10 years is too long. We've discussed it. We think that the range could be anywhere from five to ten years...."

21. *In re Initiative Petition No. 382, State Question No. 729*, see note 7, supra; *In re Initiative Petition No. 349, State Question No. 642*, 1992 OK 122, ¶ 35, 838 P.2d 1, *cert. denied*, 506 U.S. 1071, 113 S.Ct. 1028, 122 L.Ed.2d 173 (1993); *Oliver v. City of Tulsa*, 1982 OK 121, ¶ 11, 654 P.2d 607.

22. *In re Initiative Petition No. 382, State Question No. 729*, see note 7, supra; *In re Initiative Petition No. 349, State Question No. 642*, see note 21, supra; *Oliver v. City of Tulsa*, see note 21, supra.

23. *In re Initiative Petition No. 382, State Question No. 729*, see note 7, supra; *In re Initiative Petition No. 360, State Question No. 662*, 1994 OK 97, ¶ 9, 879 P.2d 810; *Ruth v. Peshek*, 1931 OK 674, ¶ 25, 5 P.2d 108.

24. *In re Initiative Petition No. 382, State Question No. 729*, see note 7, supra; *In re Initiative Petition No. 349, State Question No. 642*, see note 21,

**TRIAL COURT AFFIRMED.**

WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, JJ., concur.

LAVENDER, J., concurs in result.

COLBERT, J., disqualified.

TAYLOR, J., concurring specially:

I would additionally affirm the trial court's order that the power to initiate legislation by initiative petition is not applicable to the zoning or rezoning of real property. The initiative petition process would be in conflict with the full compliance and protection of zoning laws and due process rights of private property owners.

supra; *In re Initiative Petition No. 344, State Question No. 630,* 1990 OK 75, ¶ 14, 797 P.2d 326.