YARBROUGH, Mayor, v. DONALDSON.

No. 8821—Opinion Filed Feb. 12, 1918.

(170 Pac. 1165.)

(Syllabus.)

**Municipal Corporations — Referendum — Administrative Action.**

Mandamus will not lie to compel the mayor of a city to file referendum petitions and call an election thereon for the purpose of referring to the people of said city the action of the city council in ordering a sale of its electric light plant pursuant to Rev. Laws 1910, § 541, giving the city the right to dispose of its real property, as such action is not legislative, but administrative action involving administrative discretion and not within the referendum powers reserved to the people of municipalities by section 4a, art. 18, Const. as carried into effect by Rev. Laws § 3388.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Mandamus by C. D. Donaldson against James Yarbrough, Mayor of the City of Durant. Judgment for plaintiff, and defendant brings error. Reversed, with direction to dismiss the action.

Hayes & McIntosh and Hatchett & Ferguson, for plaintiff in error.

Crockett & Fowler, for defendant in error.

TURNER, J. On July 14, 1916, defendant in error, C. D. Donaldson, in the district court of Bryan county, filed his motion for a writ of mandamus against plaintiff in error, James Yarbrough, mayor of the city of Durant, requiring him to file a referendum petition and to call an election thereon. The facts are substantially: On July 9, 1913, the city of Durant, being the owner of an

electric light plant, entered into a contract with the Durant Ice & Light Company, in substance, that said city would cease to engage in the commercial light and power business for seven years, in consideration of certain concessions made by said company, and that said company would furnish electric current for stores, business houses, etc., at reduced prices, and that said company would at once buy from the said city all motors, wires, leaders, and poles used by said city in connection with its lighting system at the invoice price thereof to said city, which part of said contract was consummated at the time. Said contract further provided that, should the city desire to sell its light plant within three years from the date thereof, the said company would purchase the same at a price to be agreed upon between the parties. This contract was approved by the city council. On June 16, 1916, the mayor and city council of said city passed the following resolution:

"Be it resolved by the honorable mayor and city council of the city of Durant, Bryan county, Okla., in regular meeting this day held, that the honorable mayor, James Yarbrough, and B. M. Head, city clerk, be and they are hereby authorized and directed for and on behalf of the city of Durant to make and execute contracts between the city of Durant and the Durant Ice & Light Company, for the purposes mentioned in said contracts, and also make, execute and deliver warranty deed and bill of sale covering the property sold. Dated this 15th day of June, A. D. 1916."

Pursuant to said resolution, on June 17, 1916, the property was conveyed and the consideration paid in accordance with the terms of the contract above set forth. Before said deed was executed and delivered, the property was appraised by a committee appointed by the city council of said city. On June 24, 1916, there was tendered for filing to defendant a petition, signed by the requisite number of voters of said city, for the purpose of referring said resolution to the voters of said city for their rejection or approval, but defendant, as mayor, refused to file the same or call an election thereon. Wherefore plaintiff prayed for a writ of mandamus, requiring defendant to file said petition and order the election. The court rendered judgment as prayed, from which this appeal is prosecuted.

Some contention is made to the effect that the petitions should have been filed with the city clerk, but this contention cannot be sustained. Mayor and Councilmen of City of Pawhuska v. Pawhuska Oil & Gas Co. et al., 28 Okla. 563, 115 Pac. 353. The only question necessary for us to consider is whether the matter sought to be referred to the people by these referendum petitions was a subject of referendum; that is, was legislative or administrative action. The statute (Rev. Laws 1910, §541) governing the right of municipalities to hold and dispose of real property provides:

"All cities governed by the provisions of this chapter shall be bodies corporate and politic, and shall have the power to sue and be sued, to purchase and hold real and personal property, for the use of the city, to sell and convey any real or personal property owned by the city, and make such order respecting the same as may be conducive to the best interests of the city, to make all contracts and do all other acts in relation to the property and affairs of the city, necessary to the good government of the city, and to the exercise of its corporate and administrative powers, to have and use a corporate seal and alter the same at pleasure, and to exercise such other and further powers as are, or may be, conferred by law."

It is well settled that municipalities cannot dispose of property of the character here involved without proper legislative authority. Dillon on Mun. Corp. (5th Ed.) § 1301. But the property here was disposed of pursuant to the statute, supra, and the conveyance made is valid, provided the sale thereof was not a legislative matter within the contemplation of article 18, § 4a, Const., giving the people of cities a right to invoke the initiative and referendum "with reference to all legislative authority which it may exercise." As said provision of the Constitution is not self-executing (Ex parte Wagner, 21 Okla. 33, 95 Pac. 435, 18 Ann. Cas. 197), it must be construed in connection with the statute carrying into effect the initiative and referendum (Brazell et al. v. Zeigler, 26 Okla. 826, 110 Pac. 1052).

The city, by the resolution providing for the sale of its electric light plant, was not exercising a legislative function but was administering a law already made, to wit, section 541, supra, giving it the power to dispose of its property. Brazell et al. v. Zeigler, supra, was an action in mandamus to compel defendant as county clerk to transmit to the county attorney plaintiffs' petition calling for a referendum vote on the action of the board of county commissioners in ordering the clerk to advertise for bids for the construction of a certain bridge. The point involved was whether the action of the board in ordering its clerk to advertise for bids for the construction of the bridge was "local municipal legislation or administrative action." The court, after quoting Rev. Laws 1910, § 3388, prescribing

the procedure for carrying out the initiative and referendum in municipalities, and in denying the writ said:

"Tested by the rule that municipal legislation consists of prescribing by the lawmaking power of the municipality a rule of civil conduct, was the board in making the order making law, or was it administering or executing a law already made? If it was making law, it was exercising legislative function, and the result of its act was municipal legislation. If it was administering a law already made, it was exercising administrative function, and the result of its acts not municipal legislation, but administrative action; for, as stated by Mr. McQuillin in his work on Municipal Ordinances, § 80, 'executive and administrative duties are such as concern the execution of existing laws.' "

In the syllabus the court said:

"The power of the referendum reserved to the people of the state by the Constitution (art. 5, § 1), and further reserved in section 5 to the legal voters of every county in the state as to all local legislation or action in the administration of county government, held applicable only to laws, or legislative acts as distinguished from administrative or executive action. Held, also that the procedure provided by section 17 of the act of April 16, 1908 (Laws 1907-08, c. 44), carrying into effect the initiative and referendum, is confined to operate on municipal legislation or general laws only; that is, rules of civil conduct of general application throughout the municipality as prescribed by the lawmaking power of such municipality."

The judgment of the trial court is accordingly reversed, with directions to dismiss the action.

All the Justices concur.