HARDING v. STATE ELECTION BOARD et al.

No. 32630.   May 24, 1946.

Rehearing Denied June 18, 1946.

*170 P. 2d 208.*

S. E. McDonald, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

PER CURIAM.   Petition in this case asserts that the State Election Board erred in sustaining a protest to his candidacy for the office of Representative in the Legislature for Place No. 5, Oklahoma county.   Said protest was sustained by the board, it is alleged, on the ground that his filing was fraudulent for the reason that he falsely stated in his notification and declaration that he had supported the Democratic nominee for State Senator at the last election, whereas he appeared on the ballot at the last election as an Independent for the office of State Senator.   No appeal is provided by law from the action of the State Election Board.

Said protest was sustained by the board on the 14th of May, 1946.   On this date, May 24, 1946, he filed his application in this court invoking the original jurisdiction of this court for a writ of mandamus directing the board to place his name on the ballot as such candidate.   The law fixes the date for holding said election and by reason of the necessary work required and time consumed in causing the ballots to be printed for use in said election, it is

manifest that time is of the essence and that it was the duty of the petitioner to proceed with utmost diligence in asserting in a proper forum his claimed rights. The law favors the diligent rather than the slothful. By reason of his delay in asserting such claimed rights it does not appear that petitioner is entitled to the issuance of the extraordinary and discretionary writ of mandamus. Sheffield v. Fountain, 101 Okla. 168, 224 P. 339.

Writ denied.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur. RILEY, J., dissents.

**RILEY, J.** (dissenting). This court has original jurisdiction vested in it by provisions of Constitution (sec. 2, art. 7). I think the court should exercise the power vested. The Constitution requires a written opinion in every case. The statute requires a syllabus to it.

Measured by the decisions of this court in related cases recently promulgated, and particularly Swindall v. State Election Board, 168 Okla. 97, 32 P. 2d 691, and authorities cited in 29 C.J.S. p. 114, § 86, subsec. a, Declarations of Candidacy, cited in the Bailey Case, petitioner's independence as a candidate in the last election or his support of the Democratic nominee, in whole or in part, or as stated in petitioner's notification and declaration filed and stricken by the order of the respondent board, is wholly immaterial to defeat petitioner's right. He and his conscience entered the voting booth at the last election. No person or agency of government can properly adjudge as a matter of administration the falsity of petitioner's verification of the filing form. Petitioner pleads his support of the Democratic nominees, yet the respondent board, according to the order presented by acquiescence of the parties, shows the cause of removal of petitioner's name from the ballot to be solely because petitioner did not support the nominee (singular). That right is one of secrecy of the ballot, preserved by public policy expressed in applicable provisions of the Constitution of Oklahoma to preserve the purity of the ballot.

Petitioner is a qualified elector. He possesses the constitutional qualifications for the office he seeks. Whether the Election Board may afford the relief to be commanded by the writ is beside the issue of the right presented. Adequacy of the relief to be afforded by the writ or adequacy of the character of the writ sought is immaterial, for the Constitution enumerates many kinds of writs, alludes to writs at common law, and this court has created an additional writ naming it a writ of superintending control to afford consideration and justice under law.

Such a writ has issued this day in the case of State ex rel. Bailey v. State Election Board, 197 Okla. 167, 170 P. 2d 206. It is believed the writ should issue in the case at bar. The burden of proof before the board was upon protestant, incumbent of the office. 39 C.J.S. 116; In re Stoebling, 16 N. J. Misc. 34, 196 Atl. 423. By the highest of mandates, the courts shall be open and in the discharge of their duty so that right and justice may prevail in government.