**In re SUPREME COURT ADJUDICATION OF INITIATIVE PETITIONS IN NORMAN, OKLAHOMA NUMBERED 74–I AND 74–2.**

**No. 47773.**

Supreme Court of Oklahoma.

March 4, 1975.

Rehearing Denied April 22, 1975.

4

Jim Ikard, Oklahoma City, for proponents.

Maurice H. Merrill, Fielding D. Haas, Norman, for protestants, City of Norman, and Certain Citizens.

Harold L. Heiple, Norman, for protestants, Norman Chamber of Commerce.

LAVENDER, Justice:

Two initiative petitions were properly prefiled, circulated for signatures, and filed with the City Clerk of Norman, Oklahoma. Thereafter proponents of the said initiative petitions sought in this court a count of the presumptively valid signatures on the respective petitions, in accordance with 34 O.S.Supp.1973, § 8. The matter was referred to James D. Giles, Referee of this court, to conduct proceedings, make findings of fact and conclusions of law, and report to this court with his recommendation for disposition. Hearing was held by Referee Giles on October 18, 1974. He has made findings of fact and conclusions of law which were reported to this court including his recommendation for disposition. These matters were considered and form the basis for this opinion.

The number of signatures on each petition was determined by this court and those respective determinations were by order communicated to the municipal clerk with direction to publish a notice of the filing of the respective initiative petitions, notice of the signature count, and notice of the clerk's determination concerning the sufficiency or insufficiency of such initiative petitions to accomplish the purposes of the petitioners, in accord with Section 8, supra.

The petition number 74–1, proposed an ordinance fixing utility rates and charges, and was determined by the City Clerk to be insufficient on the grounds:

(1) that the proposed enactment is not one subject to and is outside the scope of the initiative petition under the constitution and laws of the State of Oklahoma;

(2) that the proposed legislation therein set out is administrative and is not subject to the initiative;

(3) that, as a single proposition to be voted upon by the electors, said initiative petition commingles and joins together a multiplicity of subjects and subject matter without giving to the voter a choice between such subjects and subject matter under separate propositions.

The petition proposing the charter amendment, numbered 74–2, was also found insufficient by the City Clerk on the grounds:

(1) the proposed enactment therein set out conflicts with authority granted to municipalities of the State by the Constitution of Oklahoma;

(2) the proposed enactment would effectively repeal numerous portions of the Charter of the City of Norman without provision for an effective alternative therefor in derogation of the Oklahoma Constitution and laws of the State;

(3) the proposed enactment would forbid or limit the exercise of the full control of its utilities by the municipal governing body in violation of Article 18 of the Constitution of Oklahoma, and the laws of said state in such cases made and provided.

The determination so made by the City Clerk is within the power exercised by that office under 34 O.S.1973 Supp. § 8, 34 O.S.1971 § 51 and Hughes v. Bryan, Okl., 425 P.2d 952 (1967). The determination was duly published with notice of the right to lodge timely protests in this court.

Protests were timely filed and hearing held before the referee. His report determined the basis for any protest before this court was only legal and no fact issues were joined. That report contained conclusions of law upholding the decision of the City Clerk denying the sufficiency of initiative petition 74–1, as to the ordinance; but reversing that city official's decision on initiative petition 74–2, as to the charter amendment, holding it to be sufficient. We adopt the recommendation of the referee to deny the sufficiency of initiative petition 74–1; but uphold the sufficiency of initiative petition 74–2.

Initiative petition numbered 74–1 seeks to submit to a vote of the municipal electorate for adoption or rejection an ordinance fixing rates for municipally furnished public utilities, which, if adopted, would provide a lower rate for these services, a rate which had been in effect prior to relatively recent amendment of the ordinance by the municipal legislative authority raising such rates. Initiative petition numbered 74–2 seeks to submit to a vote of the electorate of the city for adoption or rejection of an amendment to the municipal charter forbidding enactment of any ordinance by the municipal legislative authority increasing rates for utilities furnished by the municipality without such ordinance first having been submitted to the town electorate at an election and at such election having been approved by a majority of votes cast. The two petitions hereafter will be referred to as either 74–1 or 74–2.

Challenges by the municipality to the initiative petitions were timely filed in this court and a separate challenge was filed by the Chamber of Commerce of Norman.

The issues raised by the challenge by the municipality as to 74–1 (the ordinance proposal) are:

(a) the proposed ordinance is administrative in character and is not a proper subject of the initiative process;

(b) the proposed ordinance improperly joins a multiplicity of subjects and subject matter.

The municipality challenged 74–2 on the ground the proposed charter amendment:

(a) conflicts with the constitutional grant of power to municipalities;

(b) proposes to amend numerous parts of the charter without provision of effective alternatives, in derogation of constitutional "principles";

(c) seeks to construe the home rule clause to permit charter inhibition of those powers conferred by Constitution Article 18.

The challenge by the Norman Chamber of Commerce assails both petitions on the basis:

(a) the municipal power to own and operate public utilities carries the implicit power to fix rates as an administrative function not subject to initiative process;

(b) the proposed charter amendment is restrictive on charter government power without provision of alternatives;

(c) the proposals jeopardize the municipalities' revenue bonds now outstanding which were lawfully issued and sold.

The contention of proponents is twofold:

(a) that rate fixing for municipally furnished utilities is legislative and not administrative, and is a proper subject for initiative process;

(b) that initiative petition 74–1 (the ordinance) covers a single subject and is therefore not in conflict with the related constitutional and statutory provisions on multiplicity of purposes in legislative enactments.

The subject matter in both initiative petitions concerns the operation, by adoption of rates or restrictions relating there, of an utility municipally owned and operated by the City of Norman. This subject matter is local in nature. Lackey v. State, 29 Okl. 255, 116 P. 913, 918 (1911) discusses a local matter. In referring to the charter

form of government adopted by Oklahoma City it said:

> "* * * but, whether the powers of such city are exercised by a mayor and a city council, or by a board of commissioners, (as provided by the charter form), is purely a matter of municipal and local concern. It in no manner interferes with or infringes upon matters of the state at large, or affects its people generally; and, in the absence of such provision of the charter being in conflict with any provision of the Constitution, it supersedes the statute." (explanation added)

We have before us a matter of municipal and local concern. It is not one which interferes with or infringes upon matters of the state at large, or affects its people generally.

A rate structure established for municipally provided utility service is administrative as a necessary and incidental adjunct to the power constitutionally granted municipalities to own and operate a public utility. Rate structures, so fixed, are nevertheless subject to judicial review to relieve any proven instance of unjust discrimination in fixing such rates, to assure equal protection of the laws, and due process of law. In Oklahoma City Hotel and Motor Hotel Association v. City of Oklahoma City, Okl., 531 P.2d 316 (1974), this court agreed with the general rule, as therein contended by the city, the courts would not interfere with the fixing of rates of a municipally owned utility in the absence of a clear showing that the rates were unjust, unreasonable, or discriminatory. The opinion did not determine, as therein contended by the city, the fixing of rates of municipally owned utilities was solely a legislative function. By syllabus, we said:

> "Courts have the duty to determine questions relating to rates charged by municipality for its utility services where challenge is based upon unreasona-

bleness, unjustness, or discrimination of the rates."

The basis for the judicial review there is not an issue in this case. That case is not controlling upon the issue of rate fixing being a legislative or administrative function.

The constitutional reservation of power to the citizenry of municipal corporations, Const. Art. 18 § 4(a), encompasses all municipal legislative power but does not encompass administrative power. In Yarbrough v. Donaldson, 67 Okl. 318, 170 P. 1165 (1918), this court refused to require the application of the referendum process to a resolution of the city council approving the sale of the city's electric light plant authorized by statute. Syllabus by the court states in part:

> "* * * such action is not legislative, but administrative action involving administrative discretion and not within the referendum powers reserved to the people of municipalities * * *."

The initiative petition number 74–1 for the adoption of the proposed city ordinance is found to be insufficient.

We now consider initiative petition numbered 74–2. It is different from the initiative petition seeking the adoption of an ordinance. Petition 74–2 amends the charter of the City of Norman. It would amend through the initiative process the organic law of that city's government. The initiative and referendum power is reserved in favor of the people of "every municipal corporation now existing or which shall hereafter be created with this State, with reference to all legislative authority which it may exercise, and *amendments to charters for its own government* in accordance with the provisions of this Constitution."[1] (Emphasis added) Const. Art. 18 § 4(a). Municipal charters as granted or as amended cannot contravene constitutional provision. City of Ponca City v. Edwards, Okl., 460 P.2d 418 (1969); 11 O.S.1971 § 564.

1. 5 Okla.L.Rev. 151—Constitutional Home Rule, Maurice H. Merrill.

**8**

Through the reserved power of the initiative process the people of the City of Norman have the right to amend the charter for its own government. The referee of this court found initiative petition 74–2 to be adequate from a procedural matter in accordance with the constitutional and statutory provisions. The proposed amendment to the charter must not contravene any constitutional provision. Const. Art. 18 § 6 provides a municipality has the right to engage in any business which may be engaged in by a person, firm, or corporation through a franchise from that municipality. This would include a public utility. The charter granted that power to the municipal corporation of the City of Norman. That charter cannot be amended so as to prevent the City of Norman from operating its municipally owned utilities. Any amendment of the charter accomplishing that would be in contravention of Art. 18 § 6, supra. Such an amendment would not be valid. It could not come to a vote of the people under their reserved initiative power.

The proposed amendment to the charter of the City of Norman requires submission (to that city's people) and approval (by a majority of votes cast) of an ordinance increasing rates for utilities furnished by the city before such an ordinance could be passed by the legislative authority of the city. This amendment to the charter changes the method of operating the municipally owned utility. It limits the legislative authority of the city in that manner only. It does not prevent the operations of the utilities per se. Such a limitation in the utility operation of the city could be burdensome and most unwise. That decision is for the people of Norman and not this court. We cannot assume facts not before us that operation of the utility under the amendment creates an undue burden so as to negate and destroy the power of the municipality of the City of Norman to engage in the business of a municipal utility. The proposed amendment to the charter does not contravene the constitution. This is the test. This is the limitation placed upon a home rule charter either as originally proposed or as amended. The proposed amendment does not contravene Art. 18 § 6, supra.

The argument is made the proposed amendment repeals portions of the Norman city charter without provisions of an effective alternative. See Wyatt v. Clark, Okl., 299 P.2d 799 (1966) and other cases in which Wyatt, supra, has been cited. That argument is not available in this case. No repeal of any portion of the charter is involved. The amendment proposed does not repeal the charter provision allowing Norman to operate a municipally owned utility. It is an added provision to the charter. The amendment sets out one manner in which the municipal utility shall be operated. The required mode of operations under the proposed amendment would be a change from that presently in effect. It is not a repeal of the right to operate the utility without an effective alternative.

Both the proponents and opponents of these initiative petitions have argued the constitutional questions. In considering the sufficiency of these petitions, this court was made cognizant of its statement as to consideration of the constitutionality of an initiative petition in Oklahomans for Modern Alcoholic Beverage Control v. Shelton, Okl., 501 P.2d 1089 (1972). There Threadgill et al. v. Cross, 26 Okl. 403, 190 P. 558 (1919) was cited. Under present initiative procedure, 34 O.S.Supp.1973 § 8, administrative duties formerly placed on administrative officials have been legislated directly to this court. We believe this court is not limited solely to the duties of an administrative officer or act. It may consider the constitutionality of matters to be considered under the initiative and referendum process as to procedure form and subject matter, when raised, and if in this court opinion such a determination could prevent a costly and unnecessary election.

The initiative petition numbered 74–2 is determined to be sufficient.

WILLIAMS, C. J., and DAVISON, BERRY, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., and IRWIN, J., concur as to petition No. 74–1 and dissent as to petition No. 74–2.

BARNES, J., did not participate.