Malcolm G. ROBINSON, M.D., Appellee,

v.

STATE of Oklahoma ex rel. OKLAHOMA STATE BOARD OF MEDICAL LICENSURE AND SUPERVISION, Appellant.

No. 83764.

Supreme Court of Oklahoma.

April 30, 1996.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, for Appellant.

Jim Priest and Debra B. Cannon, McKinney, Stringer & Webster, P.C., Oklahoma City, for Appellee.

HODGES, Justice.

Four questions are presented for this Court's consideration: (1) whether this Court's denial of an application to assume original jurisdiction is res judicata as to the claims presented in the application; (2) whether the trial court had subject matter jurisdiction; (3) what is the proper standard of proof in disciplinary proceedings of a person holding a professional license; and (4) whether agencies are constitutionally required to promulgate rules establishing the standard of proof in disciplinary proceedings of a person holding a professional license. We answer question one in the negative and question two in the affirmative. Because we hold the proper standard of proof in disciplinary proceedings of persons holding professional licenses is by clear and convincing evidence, we need not address question four.

## I. FACTS

The appellee, Malcolm G. Robinson, is a physician licensed to practice in Oklahoma. On January 10, 1994, the appellant, Oklahoma State Board of Medical Licensure and Supervision (Board), issued a complaint against Dr. Robinson. On February 10, 1994, the Board issued an amended complaint.

Dr. Robinson filed a motion to dismiss. On March 1, 1994, the motion to dismiss was overruled by the trial examiner of the Board. The trial examiner conceded that the Board did not have a written policy setting out the standard of proof and found the standard of proof by a preponderance of the evidence to be sufficient protection in disciplinary cases before the Board.

After the trial examiner rendered his decision, Dr. Robinson filed an application for this Court to assume original jurisdiction and for a writ of prohibition. At the same time, Dr. Robinson filed a request for declaratory judgment, writ of prohibition, and stay in the district court. The district court issued a temporary restraining order effective until the application for writ of prohibition was ruled on by this Court and the Board adopted proper rules.

On May 2, 1994, this Court declined to assume jurisdiction, stating jurisdiction was

declined *"without prejudice to re-urging the issues tendered herein in the presently pending declaratory judgment suit."* After this Court's order issued, the Board adopted a rule establishing proof by a preponderance of evidence as the standard of proof in proceedings before it. On June 16, 1994, the district court found the rule promulgated by the Board to be constitutionally infirm and ordered the proceedings before the Board stayed. This district court order is the subject of this appeal.

On appeal, the Board argues (1) this Court's denial of the application to assume original jurisdiction was res judicata ·on the issue of the standard of proof, (2) the district court lacked jurisdiction under title 59, section 513 of the Oklahoma Statutes, (3) the district court lacked jurisdiction because Dr. Robinson failed to exhaust his administrative remedies, (4) the proper standard of proof in this proceeding was proof by a preponderance of the evidence, and (5) the Board is not required to promulgate rules establishing a standard of proof in proceedings before it.

## II. THE EFFECT OF THIS COURT'S ORDER DECLINING TO ASSUME JURISDICTION.

■ Appellant's argument that this Court's order declining to assume jurisdiction is res judicata is not well founded. In *Lowrance v. Patton,* 710 P.2d 108, 110 (Okla. 1985), the appellee made the same argument. This Court reiterated its long-standing rule that an order declining to assume original jurisdiction is not a decision on the merits, is not the law of the case, and is not res judicata. *Lemons v. Lemons,* 238 P.2d 790, 794 (Okla.1951).

Further, this Court stated that its order declining to assume original jurisdiction was *"without prejudice to re-urging the issues tendered herein in the presently pending declaratory judgment suit."* Therefore, this argument of appellant is without merit or basis.

## III. JURISDICTION IN THE TRIAL COURT

### A. Section 513 of title 59 of the Oklahoma Statutes

■ The Board contends that the trial court lacked jurisdiction because section 513 of title 59 of the Oklahoma Statutes grants this Court with exclusive review of the Board's decisions. The Board also contends Dr. Robinson failed to exhaust his administrative remedies thereby depriving the district court of jurisdiction. We do not agree with these contentions.

Section 513 provides: "The Board is hereby given quasi-judicial powers while sitting as a Board for the purpose of revoking, suspending, or imposing other disciplinary actions upon the license of physicians or surgeons of this state, and appeals from its decisions shall be taken to the Supreme Court of this state...." This provision provides that appeals from disciplinary actions lie in this Court. This action is not an appeal of a decision of a disciplinary action but a declaratory judgment challenging the validity of the unwritten rule that the standard of proof in disciplinary proceedings before the Board is by a preponderance of the evidence. Thus, section 513 of title 59 is not the applicable statute.

Rather, as Dr. Robinson correctly notes section 306 of title 75 applies. Section 306(A) provides:

> "The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the county of the residence of the person seeking relief or, at the option of such person, in the county wherein the rule is sought to be applied, if it is alleged the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff." [1]

In this case, Dr. Robinson is challenging, by a request for declaratory judgment, the

---

**1.** The Board is subject to section 306 of title 75 pursuant to sections 250.1(B) and 250.3(1) of title 75.

rule that the proper standard of proof is proof by a preponderance of the evidence. The rule threatens to interfere with his right to have a hearing based on a constitutional standard. Therefore, under section 306, the district court had subject matter jurisdiction.

## B. Failure to exhaust administrative remedies

■ The Board also argues the trial court lacked jurisdiction because Dr. Robinson failed to exhaust his administrative remedies after the trial examiner refused to dismiss the action. The Board first argues Dr. Robinson should have filed an appeal of the trial examiner's decision to the Board *en banc*. Secondly, the Board argues Dr. Robinson should have continued with the disciplinary proceedings before filing an action with the district court.

As to the first argument, the Board states, without providing any authority, the trial examiner's decision was appealable to the Board *en banc*. At the time of the decision, neither the Medical Practice Act, Okla.Stat. tit. 59, §§ 481–518 (1991), nor the Administrative Procedures Act, Okla.Stat. tit. 75, §§ 250–323 (1991), provided for an appeal from the trial examiner's decision. Further, not until June 21, 1994, did the Board enact any rule on the topic, and then it was an emergency rule which did not become a permanent rule until May of 1995.[2] Therefore, we find no authority for the Board's position that Dr. Robinson could have appealed the trial examiner's decision to the Board *en banc*.

■ The Board's second argument on this issue is that Dr. Robinson should have completed the disciplinary process before the Board prior to seeking relief in the district court. As this Court has noted in the past, as a general rule, a party must exhaust the administrative remedies before resort to the courts. *Allen v. Retirement System for Justices and Judges,* 769 P.2d 1302, 1307 (Okla. 1988). However, litigants are not required to exhaust their administrative remedies that are ineffective or unavailable. *Id.*

In Dr. Robinson's case, it would have been ineffective to continue the disciplinary proceedings with the issue of the proper standard of proof unsettled. The Board admittedly had an unwritten standard of proof by a preponderance of the evidence from which it was unwilling to deviate. When forced by the district court to enact a written rule, the Board expressly adopted the preponderance of the evidence as the standard of proof in proceedings before it.

Because Dr. Robinson pursued all the effective administrative remedies available to him and was not required to pursue unavailable or ineffective administrative procedures, he was not precluded from seeking relief in the district court. Thus, the district court had jurisdiction over the declaratory action.

## IV. STANDARD OF PROOF

■ The Board appeals the trial court's determination that the proper standard of proof in disciplinary cases involving professionals is by a preponderance of the evidence. Dr. Robinson takes the position that the proper standard is the clear and convincing standard. We recently addressed this issue in *Johnson v. Board of Governors of Registered Dentists of the State of Oklahoma,* 913 P.2d 1339 (Okla.1996). In *Johnson,* this Court held that the constitutionally mandated standard of proof in disciplinary cases involving a professionally licensed person was by clear and convincing evidence. The Board has given no reason why this Court should digress from this standard in the present case.

Not only does Dr. Robinson posit that the Board's rule regarding the standard of proof

---

**2.** Subsequent to the trial examiner's decision, the Board promulgated two emergency rules regarding a trial examiner's authority. Both rules became effective as temporary rules on June 21, 1994. On May 11, 1995, they became permanent rules. Rule 435:3–3–10 gives the trial examiner authority to rule on all pretrial motions except the examiner may not dismiss a case or limit matters to be heard by the Board. Rule 435:3–3–13 gives the trial examiner authority "to review Motions to Dismiss in order to advise the Board on questions of law therein."

is constitutionally inadequate, he also argues that it was not properly promulgated. Because the Board's rule establishing the standard of proof by a preponderance of the evidence is substantively insufficient, we need not address the procedures under which it was promulgated.

## V. CONCLUSION

This Court has long held that an order declining to assume original jurisdiction is not res judicata as to any of the issues proffered in the application thereof. Because we find that the standard of proof by a preponderance of the evidence is constitutionally inadequate, we need not address the sufficiency of the methods by which the rule setting this standard was promulgated. The district court had jurisdiction of the matter and rendered the correct decision. Therefore, the order of the district court is affirmed.

AFFIRMED.

ALMA WILSON, C.J., KAUGER, V.C.J., and SIMMS and HARGRAVE, JJ., concur.

LAVENDER and SUMMERS, JJ., concur in part, dissent in part.

WATT, J., concurs in Part I, II, III, dissents from Part IV.