2000 OK 85

**In re INITIATIVE PETITION NO. 365, State Question No. 687.**

**No. 94,155.**

Supreme Court of Oklahoma.

Oct. 26, 2000.

See also, 9 P.3d 78.

## ORDER INSTRUCTING THE REFEREE

¶ 1 The paperwork filed by the witnesses Robert, Etta and Nathan Godwin on October 16th 2000, taken as a whole, is considered a request for instructions from this Court to the referee. For the reasons stated herein, the referee is instructed as follows:

¶ 2 Proceedings to protest an initiative petition and to object to the signature count under 34 O.S.1991 § 8 are not governed by the provisions of the Oklahoma Pleading Code. By its terms, the Oklahoma Pleading Code governs the procedure only in the district courts of Oklahoma. 12 O.S.1991 § 2001. The Supreme Court determines the procedure to be applied in proceedings to protest an initiative petition and objections to the signature count. 34 O.S.1991 § 8 (E). While the Supreme Court may utilize the Oklahoma Pleading Code in determining a procedure to be applied, it may use any other procedure that conforms to federal and state constitutional due process requirements.

¶ 3 With respect to this initiative petition and effective immediately all subpoenas are to be issued under the seal of this Court and over the referee's signature. These documents shall direct witness to appear upon not less than 48 hours notice.

¶ 4 On the Court's own motion, the orders of the referee of October 11, 2000 and October 13, 2000 are vacated. Any outstanding bench warrants issued because witnesses Robert, Etta and Nathan Godwin failed to appear on the dates specified in the subpoenas previously issued and served on October 9, 2000 are vacated. Furthermore, those subpoenas are modified to allow a more reasonable time for compliance. Witnesses Robert, Etta and Nathan Godwin are directed to appear according to the terms of the following order.

### ORDER TO APPEAR

¶ 5 This Courts' power to compel one's attendance to give testimony in this case is *clear* and *unchallenged.* It stands *conceded,* if not indeed *acknowledged* and *recognized* by responses to subpoenas and by other paperwork filed herein by the three witnesses named in the part of this document that bears instructions to the referee. Robert, Etta and Nathan Godwin are accordingly and hereby directed to appear in person at 9:00 a.m. on Wednesday, November 1, 2000 in the second-floor en banc courtroom in the

Denver Davison Building, 1915 N. Stiles Ave., Oklahoma City, OK (southwest of State Capitol, one block west of Lincoln Blvd. on Northeast 18th Street). The named witnesses are at liberty to secure at their own expense representation by a licensed attorney of their choosing, and to have their attorney present for all court appearances. Upon the failure to Robert, Etta and Nathan Godwin to appear as hereby ordered, bench warrants may issue for their immediate arrest, with the attendant costs thereof taxed against the witnesses.

**HEREOF FAIL NOT UNDER PENALTY OF LAW.**

¶ 6 The clerk is directed to mail copies of this order to the above-named witnesses by regular mail, which will constitute adequate notice of this command to appear.

¶ 7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 26th DAY OF OCTOBER, 2000.

HODGES, LAVENDER, KAUGER, WATT, BOUDREAU, WINCHESTER, JJ., Concur.

HARGRAVE, V.C.J., OPALA, J., Concur in Result.

OPALA, J., concurring in result.

¶ 1 At the core of today's order *lies a fallacious analysis.* There is absolutely *no* legal barrier to the court's *voluntary* utilization of the Pleading Code. 12 O.S.1991 §§ 2001 et seq. It is *not* because § 2004.1 is in the Pleading Code that the referee *erred in sanctioning*—in this case—that section's regime for issuing and serving subpoenas by lawyers. Rather, the *use of the* § 2004.1 *method was impermissible* because the court's order of reference—the very source of authority whence the referee draws power for the conduct of this proceeding—*mandates that compulsory process be issued* by him. *He was powerless* to change the court's explicitly directed regime by transferring his own authority over process to the lawyers in the case. *Delegata potestas non potest delegari*—one to whom authority stands delegated may not, *without specific empowerment,* re-delegate it to another. *Bushert v.*

*Hughes,* 1996 OK 21, 912 P.2d 334, 339; *New Orleans v. Sanford,* 69 So. 35, 41, 137 La. 628. **The essence of infirmity we now address is neither in the § 2004.1's location as part of the Pleading Code nor in the appropriateness or inappropriateness of its process-issuing and -serving regime. That infirmity is solely in the referee's exercise of authority *dehors* the limits of the reference order's four corners.**

¶ 2 I concur *only insofar* as the court determines that process issued, served and disobeyed was ineffective and a new command must hence come forth to the three witnesses to be affected by today's instructions.