2015 OK CIV APP 79

**In re INITIATIVE PETITION FILED SEPT. 7, 2008.**

**Karen Shandorf and Patty Hazlewood, Plaintiffs/Appellants,**

v.

**Wanda Calvert, City Clerk/Treasurer, City of Guthrie, and Charles Burtcher, Mayor of the City of Guthrie, Defendants/Appellees.**

No. 112302.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 10, 2015.

Rehearing Denied April 28, 2015.

843(1)

Chris Harper, Phillip P. Owens, II, Chris Harper, Inc., Edmond, Oklahoma, for Plaintiffs/Appellants.

Randel Shadid, Edmond, Oklahoma, for Defendants/Appellees.

BRIAN JACK GOREE, Presiding Judge.

¶1 Plaintiffs appeal a decision denying their initiative petition. The trial court decided the initiative is unconstitutional because it would cause such an undue hardship on the City of Guthrie and the Guthrie Public Works Authority that it would destroy the City's ability to engage in the business of operating a utility. The order is reversed because it is not sustained by evidence that the initiative clearly and manifestly violates the Oklahoma Constitution.

## I.

¶2 Plaintiffs filed an initiative petition with the city clerk. The initiative petition states that prior to an increase in water and sewer rates within the control of the City of Guthrie, such a proposal must be submitted to the legal voters of the City for their approval or rejection at the next regular general election or at a special election which might be called for that purpose.[1] The City refused to place the requested amendment to the Charter on the ballot for the next election.

¶3 In response to the City's refusal, Plaintiffs filed this action against the mayor and the city clerk (Defendants). Plaintiffs requested an order (1) determining that the initiative petition is legally sufficient and (2) requiring Defendants to place the initiative on the ballot at the next election. Defendants filed an answer arguing that the initiative petition is invalid because it does not meet the statutory signature and ballot title requirements and because it violates the Oklahoma Constitution. Both parties moved for summary judgment but the district court set the case for a non-jury trial. Afterward, the court made findings of fact and conclusions of law denying the petition and Plaintiffs appealed.

¶4 Plaintiffs raise three issues. First, they contend the court erroneously determined the City of Guthrie is a separate legal entity from the Guthrie Public Works Authority. Second, Plaintiffs propose the trial judge made an improper factual determination of an issue that should have been left to the voters. Third, Plaintiffs argue that the court's conclusion was not based on competent evidence.

## II.

¶5 The trial court concluded that the Guthrie Public Works Authority manages and controls the utilities for the City of Guth-

---

1. The initiative petition states:
BE IT ENACTED BY THE PEOPLE OF THE CITY OF GUTHRIE THAT A NEW SECTION TO BE DESIGNATED AS SECTION 2–30 BE ADDED TO THE CHARTER OF THE CITY OF GUTHRIE, TO READ AS FOLLOWS:
(a) This section shall constitute a limit on the legislative power of the City Council as to the matters included herein, and not otherwise.
(b) Precedent to an increase in water or sewer rates within the control of the City of Guthrie, such increase proposal must be submitted to the legal voters of the City for their approval or rejection at the next regular general election, or

at a special election which might be called for said purpose. This section is self-executing and shall supercede all provisions in conflict therewith; legislation may be enacted to facilitate its operations but no ordinance shall limit or restrict the provisions thereof.
(c) If any word, sentence, clause or phrase in this section shall be declared for any reason invalid by a court of competent jurisdiction, then such shall be stricken or another word, sentence, clause or phrase shall be inserted so as to render this section valid, and the entire section shall not be affected thereby.

rie and is a separate legal entity from the City. Plaintiffs argue this conclusion should be reversed because that issue was not presented to the court for determination. Their concern is that the ruling paves the way toward a future determination that the initiative may not control the Guthrie Public Works Authority.

¶ 6 When the statutory conditions of 60 O.S.2011 § 176 et seq. have been satisfied, there is a presumption that a public trust is a separate legal entity from both the settlor and the governmental entity that is its beneficiary. 176.1. In some circumstances a public trust may be deemed to be an alter ego of the public body for which it seeks to benefit. *Tulsa Industrial Authority v. City of Tulsa*, 2011 OK 57, ¶ 21, 270 P.3d 113, 124. The district court has authority to conduct an evidentiary hearing when a party protests the sufficiency of an initiative petition that is directed toward municipal legislation. 11 O.S.2011 § 15–104(B). Here, the trial court received evidence concerning the relationship between the City of Guthrie and the Guthrie Public Works Authority. We hold the court's order was not beyond the issues tried by the parties. Neither is the order reversible based on Plaintiffs' forecast of what issues might arise after mandate issues in this appeal. Appellate courts do not issue advisory opinions or answer hypothetical questions. *Knight ex rel. Ellis v. Miller*, 2008 OK 81, ¶ 8, 195 P.3d 372, 374.

### III.

¶ 7 Plaintiffs submit the trial court erred in allowing a trial on the issue of whether the initiative would cause such a hardship upon the City that it would effectively destroy its power to engage in the business of a utility.

¶ 8 An initiative petition is a special statutory proceeding designed to effectuate the right of the people to enact laws by vote. *In re Initiative Petition No. 365*, 2000 OK 85, ¶ 2, 14 P.3d 545, 546; *In re Initiative Petition No. 384*, 2007 OK 48, ¶ 2, 164 P.3d

125, 127. The right is constitutionally reserved to the people of every municipal corporation of the state. Art. 18, 4(a). "The right of the initiative is precious, and it is one which this Court is zealous to preserve to the fullest measure of the spirit and the letter of the law ... all doubt as to the construction of pertinent provisions is resolved in favor of the initiative. [It] should not be crippled, avoided, or denied by technical construction by the courts. However, the right of the initiative is not absolute, and is subject to constitutional and statutory limits." *In re Initiative Petition No. 382*, 2006 OK 45, ¶ 3, 142 P.3d 400, 403. When a citizen protests the legality of an initiative petition, the court may review it to ensure that it complies with statutes and the constitution. *In re Initiative Petition No. 384*, 2007 OK 48, ¶ 2, 164 P.3d 125, 127.

¶ 9 Both parties rely on *In re Supreme Court Adjudication of Initiative Petitions in Norman, Oklahoma Numbered 74–1 and 74–2*, 1975 OK 36, 534 P.2d 3. In that case, the Supreme Court considered the sufficiency of an initiative petition proposing an amendment to the charter of the City of Norman to require a vote of the people before utility rates could be increased. The issue in *Norman* was whether the initiative would violate the Oklahoma constitution. "The proposed amendment to the charter must not contravene any constitutional provision." *Norman*, ¶ 16.

¶ 10 The constitutional provision at issue in *Norman* and the instant appeal is Art. 18 § 6: "every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said municipality."[2] A city charter cannot be amended so as to prevent a city from operating its municipally owned utilities. *Norman*, ¶ 16. The Supreme Court held that the initiative petition did not *prevent* the operation of the utility, it only limited the city's *method* of operating it. The parties disagree about

---

**2.** A franchise is a right or privilege conferred by law. *State ex rel. Williamson v. Garrison*, 1959

OK 260, ¶ 20, 348 P.2d 859, 864.

the meaning of the following language in *Norman.*

Such a limitation in the utility operation of the city could be burdensome and most unwise. That decision is for the people of Norman and not this court. We cannot assume facts not before us that operation of the utility under the amendment creates an undue burden as to negate and destroy the power of the municipality of the City of Norman to engage in the business of a municipal utility. The proposed amendment to the charter does not contravene the constitution. This is the test.

*Norman,* ¶ 17. The parties' arguments suggest two legitimate interpretations of this excerpt from the *Norman* case.

¶ 11 The Supreme Court may have been acknowledging a scenario where a proposed amendment could be so burdensome that it would have the effect of negating and destroying a city's power to engage in the business of operating a utility. However, the question of whether the amendment created such an undue burden was not a factual issue in the *Norman* case, and the court could not assume facts that were not in evidence. Defendants' position is that, according to *Norman,* a trial court may hear evidence on the degree of undue burden and decide whether the initiative petition would effectively negate a municipality's power to conduct business.

¶ 12 Plaintiffs characterize the language in *Norman* differently. The Supreme Court commented that the proposed initiative could be burdensome and "most unwise." However, the court noted "that decision is for the people of Norman and not this court." It appears that Plaintiffs' position is that the scope of judicial analysis is limited to deciding whether the amendment would, on its face, prevent a municipality from operating as a business. According to Plaintiffs' argument, whether the initiative would be wise or burdensome is for the people to decide, not a trial judge.

■■ ¶ 13 We hold that *Norman* does not prohibit a trial court from conducting an

evidentiary hearing to consider whether an initiative petition would be so burdensome that it would violate a municipality's right to engage in business. The district court in this case did not exceed its authority when it conducted a trial on the issue of whether Plaintiffs' petition was so burdensome that it would violate the City's constitutional rights.[3]

### IV.

■■ ¶ 14 The City concedes it had the burden to prove the proposed charter amendment would be so burdensome as to negate its right to do business. The City points to testimony that the Guthrie Public Works Authority was operating on a break-even budget; it required rate increases to continue providing services and to comply with mandates of the Oklahoma Department of Environmental Quality; the citizens of Guthrie are unlikely to approve a rate increase; and without a rate increase the Guthrie Public Works Authority could default on its obligations and go bankrupt.

¶ 15 The evidence that voters would not approve a rate increase consisted of testimony of city council members of historically low turnout at elections and multiple school bond elections that voters rejected. Council members testified that in their opinion voters do not favor increases in taxes or utility rates and could be expected to disapprove a rate increase if given the opportunity at an election.

¶ 16 We hold the trial court committed reversible error when it dismissed the petition on this evidence. The court found "by a preponderance of the evidence" that the initiative petition, "if passed, would cause such an undue hardship on the Authority and the City of Guthrie that it would destroy [the City's] ability to engage in the business of a utility."

¶ 17 Unless the City can show that Plaintiffs' initiative clearly and manifestly violated the Oklahoma or United States Constitution, the initiative is legally sufficient. *In re Ini-*

---

3. Plaintiffs also assert the trial court erred in refusing to grant their motion for summary judgment. It is clear however, that an order denying a motion for summary judgment is not appealable at any stage of a proceeding, not even after a final judgment is entered. *Myers v. Missouri Pacific Railroad Co.,* 2002 OK 60, ¶ 39, 52 P.3d 1014, 1034.

*tiative Petition No. 384,* 2007 OK 48, ¶ 2, 899 P.2d 1145, 1151. The City's evidence was that if the initiative was presented to the voters, and if they passed it, and if the voters subsequently disapproved a rate increase, then the Guthrie Public Works Authority could potentially fail to meet its financial obligations. The City's witnesses speculate that the voters would never approve a rate increase. That evidence does not meet the standard that the initiative clearly and manifestly violates Art. 18 § 6.

¶ 18 The trial court's order filed October 3, 2013 is reversed and this case is remanded for further proceedings.

REVERSED AND REMANDED.

BUETTNER, J., and BELL, J., concur.