OSCN Found Document:SAVE THE ILLINOIS RIVER, INC. v. STATE ex. rel. OKLA. STATE ELECTION BD.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SAVE THE ILLINOIS RIVER, INC. v. STATE ex. rel. OKLA. STATE ELECTION BD.
2016 OK 86
Case Number: 115164
Decided: 08/08/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 86, __ P.3d __

 

SAVE THE ILLINOIS RIVER, INC., THE HON. REPRESENTATIVE JASON DUNNINGTON, EDWARD BROCKSMITH, and JOHN LEONARD, Plaintiffs/Appellants,
v.
THE STATE OF OKLAHOMA ex. rel. THE OKLAHOMA STATE ELECTION BOARD, STEVE CURRY, in his capacity as Chairman of the State Election Board, TOM MONTGOMERY, in his capacity as Vice Chairman of the State Election Board, PAUL ZIRIAX, in his capacities as Secretary AND Chief Administrative Officer of the State Election Board, DR. TIM MAULDIN, in his capacity as a Member of the State Election Board, and THE STATE OF OKLAHOMA ex. rel. SCOTT PRUITT, Attorney General of the State of Oklahoma, Defendants/Appellees.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY,
THE HONORABLE PATRICIA G. PARRISH, PRESIDING

¶0 Oklahoma Legislature passed a measure sending Joint Resolution No. 1012 to the Secretary of State for rejection or approval to amend the Oklahoma Constitution by adding a new section 38 to Article II, prohibiting the Legislature from passing any law "which abridges the right of citizens and lawful residents of Oklahoma to employ agricultural technology and livestock production and ranching practices without a compelling state interest." Plaintiffs filed a petition in the district court, urging that the measure was facially unconstitutional. Defendants filed a motion to dismiss, submitting that the challenge was untimely. The district court granted the motion to dismiss finding the challenge was timely and was not facially unconstitutional. Plaintiffs appealed. This Court retained the appeal.

AFFIRMED; REHEARING TIME REDUCED.

Heather L. Hintz, Melvin R. McVay, Jr., and Catherine L. Campbell, Phillips Murrah P.C.; and Rabindranath Ramana, Calvert Law Firm, Oklahoma City, OK, for the Appellants.
Cara M. Rodriguez and Mithun S. Mansinghani, Office of the Oklahoma Attorney General, Oklahoma City, OK, for the Appellants.

Taylor, J.

¶1 On April 21, 2015, and April 29, 2015, the Oklahoma Senate and the Oklahoma House of Representatives, respectively, passed House Joint Resolution Number 1012, directing the Oklahoma Secretary of State to refer a proposed constitutional amendment to a vote of the people. The proposed amendment would add a new section to Article II, as Section 38. 2015 Okla. Sess. Laws 1598-99. The resolution was filed with the Oklahoma Secretary of State on April 30, 2015. Id. The resolution was designated Legislative Referendum No. 368 and State Question No. 777 (State Question 777).

¶2 The proposed amendment provides:

Section 38. To protect agriculture as a vital sector of Oklahoma's economy, which provides food, energy, health benefits, and security and is the foundation and stabilizing force of Oklahoma's economy, the rights of citizens and lawful residents of Oklahoma to engage in farming and ranching practices shall be forever guaranteed in this state. The Legislature shall pass no law which abridges the right of citizens and lawful residents of Oklahoma to employ agricultural technology and livestock production and ranching practices without a compelling state interest.

Nothing in this section shall be construed to modify any provision of common law or statutes relating to trespass, eminent domain, dominance of mineral interests, easements, rights of way or any other property rights. Nothing in this section shall be construed to modify or affect any statute or ordinance enacted by the Legislature or any political subdivision prior to December 31, 2014.

¶3 On March 1, 2016, Plaintiffs filed suit in the district court seeking to have the proposed amendment declared unconstitutional and seeking an injunction prohibiting the proposed amendment from being placed on the ballot. Plaintiffs did not protest the ballot title. Defendants filed a motion to dismiss urging that there is no authority for a pre-election challenge to a legislative referendum; and, if such a cause of action exists, Plaintiffs' protest was untimely. Plaintiffs counter that a pre-election challenge to a legislative referendum is proper and that their challenge is timely.

¶4 The district court held a hearing on the motion to dismiss. The district court found that the challenge was timely and, by doing so, implicitly found that a pre-election challenge was proper. The district court denied the parties the opportunity to brief the substantive constitutional issues and denied the parties any opportunity to be heard on the merits; and, then, the district court summarily and orally ruled on the merits that the proposed amendment was not facially unconstitutional and dismissed Plaintiffs' petition. Plaintiffs appealed. This Court retained the matter for disposition.

¶5 The parties dispute the propriety of pre-election review of legislatively proposed constitutional amendments. One way to amend Oklahoma's Constitution is through legislative referendum, by a resolution originated and adopted by the Legislature and passed by the voters. Okla. Const. art. XXIV, § 1. "We cannot undervalue the importance of the constitutional right, under the Oklahoma Constitution, to initiative and referendum." In re Initiative Petition No. 349, State Question No. 642, 1992 OK 122, ¶ 19, 838 P.2d 1, 8. For a legal challenge to a legislatively proposed constitutional amendment, both parties rely on the concurring opinions in In re Legislative Referendum No. 334, State Question 711, 2004 OK 75, 107 P.3d 556. In re Legislative Referendum No. 334 addressed an application for this Court to assume original jurisdiction and issue a writ of mandamus. This Court summarily declined to assume jurisdiction. This Court's order declining to assume jurisdiction is not a decision on the merits or on any issue in the case, is not the law of the case, is not res judicata, and has no precedential value. Robinson v. State of Okla. ex rel. Okla. State Bd. of Medical Licensure and Supervision, 1996 OK 145, ¶ 7, 926 P.2d 1390, 1392.

¶6 This Court has yet to decide the propriety of a pre-election constitutional challenge to a legislatively proposed constitutional amendment. In 1910, this Court decided Threadgill v. Cross, 1910 OK 165, 109 P. 558. Based on Article IV, Section 1 of the Oklahoma Constitution, this Court abstained from injecting itself into a pre-election controversy as to the constitutionality of an initiative petition. Id. ¶¶ 17-23, 109 P. at 561-563. Article IV, Section 1 provides for three governmental departments - the Legislative, Executive, and Judicial - which are "separate and distinct." Section 1 prohibits one department from exercising "the powers properly belonging to either of the others." To decide the validity of legislation before it is passed on by the Governor or the voters, is for a court to inject itself into the legislative process.

¶7 This Court modified the Threadgill rule for citizen-initiated petitions and referendum beginning in 1975. In re Supreme Court Adjudication of Initiative Petitions in Norman, Okla. Numbered 74-1 and 74-2, 1975 OK 36, ¶ 19, 534 P.2d 3, 9 (Norman Petitions). In Norman Petitions, this Court determined that "[i]t may consider the constitutionality of matters to be to considered under the initiative and referendum process as to procedure form and subject matter, when raised, and if in this court['s] opinion such a determination could prevent a costly and unnecessary election." Id. This remains the rule for citizen-initiated petitions. In 2009, the Oklahoma Legislature recognized this Court's jurisprudence regarding pre-election constitutional challenges to citizen-initiatived petitions and referendums by placing a ten-day post-publication time limit on such challenges. 2009 Okla. Sess. Laws 1704, ch. 318, §1(B) (codified at 34 O.S.2011, § 8(B)).

¶8 Even if we were to adopt the Threadgill rule to address a legislative referendum, here Plaintiffs have failed to show that the cost of adding one more question to the general election ballot, already crowded with state questions is so costly as to warrant us ignoring Article IV, Section 1 of the Oklahoma Constitution. Thus, justification for retreating from this Court's self-imposed rule of abstention is absent here. We find in this proceeding, honoring Article IV, Section 1 of the Oklahoma Constitution requires this Court to abstain from addressing the substantive issues raised by the parties. The challenges raised here remain unadjudicated and intact, as does any challenge brought under the federal or state constitutions by a proper party if State Question 777 is passed by the voters.

¶9 We will not reverse the trial court when it "reaches the correct result but for the wrong reason." Hall v. GEO Group, Inc., 2014 OK 22, ¶ 17, 324 P.3d 399, 406 ("[T]he Court is not bound by the trial court's reasoning and may affirm the judgment below on a different legal rationale."). Here, the district court dismissed the petition by granting the Appellees' motion to dismiss on the grounds that State Question 777 was not facially unconstitutional, effectively dismissing the petition. Accordingly, we affirm the district court's dismissal of the case, but do so on the basis that the district court should have abstained from the addressing legislative referendum before voted on by the people. See In re Initiative Petition No. 366, State Question No. 689, 2002 OK 21, ¶ 4, 46 P.3d 123, 125.

¶10 The time to file the petition for rehearing is normally 20 days. Okla. Sup. Ct. R. 1.13, 12 O.S.2011, ch. 15, app.1. But due to the exigent circumstances here, the time to file is reduced. The parties must file any petition for rehearing from this decision in the Office of the Clerk of the Supreme Court no later than 4:30 p.m. on Thursday, August 11, 2016.

AFFIRMED; REHEARING TIME REDUCED.

CONCUR: Reif, C.J.; Combs, V.C.J. (by separate writing), and Watt, Taylor, Colbert, Gurich, JJ.; and Bell and Goree, SJJ.

CONCUR IN RESULT: Kauger (joins Combs, V.C.J.).

DISQUALIFIED: Winchester and Edmondson, JJ.

 

 

COMBS, V.C.J., with whom KAUGER, J., joins, concurring specially:

¶1 I agree with the majority's conclusion that addressing the substantive constitutional issues raised by the parties is inappropriate at this time, and with the decision to affirm the order of the trial court. I write separately, however, to emphasize the need for timeliness in any pre-election constitutional challenge in causes similar to this one.

¶2 As the majority notes, this Court originally declined to inject itself into pre-election controversies concerning the constitutionality of initiative petitions. Threadgill v. Cross, 1910 OK 165, 109 P. 558. Over the years, the Court has departed from Threadgill and has become more willing to consider pre-election challenges to the constitutionality of initiative petitions if doing so could prevent a costly and unnecessary election due to facial unconstitutionality. See In re: Initiative Petition No. 366, State Question No. 689, 2002 OK 21, ¶4, 46 P.3d 123; In re Initiative Petition No. 349, State Question No. 642, 1992 OK 122, ¶¶1-2, 838 P.2d 1; In re Supreme Court Adjudication of Initiative Petitions in Norman, Okla. Numbered 74-1 and 74-2, 1975 OK 36, ¶19, 534 P.2d 3.

¶3 The majority declines to firmly adopt this Court's post-Threadgill jurisprudence concerning initiative petitions and apply it to the legislative referendum process. Even were the Court to do so, however, I believe we should not intervene because of the time frame in which this cause was presented to the Court.

¶4 The process for this referendum began when the Oklahoma Legislature adopted House Joint Resolution 1012 on April 30, 2015. Pursuant to 34 O.S. Supp. 2015 § 9(C), the Secretary of State submitted the proposed ballot title to the Attorney General for review on May 4, 2015. After declaring the ballot title deficient and rewriting it more than once, the Attorney General submitted the final ballot title on June 10, 2015. On June 29, 2015, the Governor issued an executive proclamation declaring SQ 777 be placed on the November 8, 2016, ballot. Many months passed before the lawsuit which is the subject of this appeal was filed in the district court on March 1, 2016. While Plaintiffs/Appellants bided their time, the date of the election drew ever closer.

¶5 The Legislature has not provided any statutory timeframe for a pre-election constitutional challenge to legislative referendums, as it has done with initiative petitions in the form of 34 O.S. Supp. 2015 § 8(B).[1] In fact, Title 34 makes no mention of constitutional challenges to legislative referendums at all. The same is not true of challenges to the ballot titles of legislative referendums, where 34 O.S. Supp. 2015 § 10 specifically prohibits appeals concerning the ballot titles of constitutional and legislative enactments proposed by the legislature.

¶6 Regardless, this Court has previously stressed the importance of timeliness in election and ballot related matters. In In re: Legislative Referendum No. 334, State Question 711, 2004 OK 75, 107 P.3d 556 (as corrected Sept. 28, 2004), this Court declined to assume original jurisdiction over a challenge to the constitutionality of a legislative referendum to add a provision to the Oklahoma Constitution. Writing separately, Justice Kauger stressed the importance of timeliness in a challenge such as this one, stating:

¶4 The law fixes election dates and the petitioners are well aware that the question is scheduled to appear on the November 2, 2004, general election ballot. They should also be aware of the necessary work required, the time consumed and the cost of causing the ballots to be printed. It is the duty of the petitioners to proceed with the utmost diligence in asserting in a proper forum their claimed rights.

¶5 Laches may bar the right to challenge the balloting process. Although the time has long passed since this Court, when presented with a timely constitutional challenge, will refuse to address a blatantly unconstitutional measure to prevent the costly expenditure of public revenues on needless elections, the challenge must be timely made.

In re: Legislative Referendum No. 334, State Question 711, 2004 OK 75, ¶¶4-5 (Kauger, J., concurring specially) (footnotes omitted).

¶7 Additionally, this Court has long acknowledged the right to challenge the balloting process in other election matters may be lost by unreasonable delay. See, e.g., Evans v. State Election Bd., 1990 OK 132, ¶¶12-16, 804 P.2d 1125 (holding challenge to Election Board's ruling 115 days later and post-election challenge to a deceased individual's inclusion on the ballot barred by laches); Wickersham v. State Election Bd., 1960 OK 245, ¶15, 357 P.2d 421 (holding the matter of the eligibility of a candidate for an office must be adjudicated at an early date and before an election is held); Harding v. State Election Bd., 1946 OK 171, ¶2, 170 P.2d 208 (holding concerning election matters that "time is of the essence and that it was the duty of the petitioner to proceed with utmost diligence in asserting in a proper forum his claimed rights.").

¶8 The lengthy delay between the Governor's proclamation and the lawsuit filed by Plaintiffs/Appellants prejudices the courts. Any pre-election constitutional challenge to a legislative referendum would require the same careful review as that devoted to initiative petitions. As this Court explained:

In essence, our cases set out our discretionary authority to reach clear and manifest facial constitutional challenges at the preelection stage if, in our opinion, to do so will prevent the holding of a costly and unnecessary election. Although we have used this discretionary authority on numerous occasions we must not forget it is of a discretionary character and, in our view, we must always keep in mind, before exercising such authority, the fundamental basis of the people's right to institute change and express their will through the initiative process. Only in the clearest cases do we believe it is essential to use the discretionary authority, and only in the clearest cases do we believe it is warranted to interfere with the people's basic right to vote on important issues by a holding of constitutional infirmity.

In re Initiative Petition No. 360, State Question No. 662, 1994 OK 97, ¶11, 879 P.2d 810.

This Court cannot permit potential challengers to bide their time until the ballot printing and election deadlines loom, in an attempt to force an adjudication quickly. We cannot permit a flood of late-filed suits that must be resolved before ballot printing lest the State be forced to reprint the ballots at significant expense. If a pre-election challenge to the constitutionality of a legislative referendum is to be made and considered by the courts, it must be made in a timely fashion.

FOOTNOTES

[1] 34 O.S. Supp. 2015 § 8(B) provides:

It shall be the duty of the Secretary of State to cause to be published, in at least one newspaper of general circulation in the state, a notice of such filing and the apparent sufficiency or insufficiency of the petition, and shall include notice that any citizen or citizens of the state may file a protest as to the constitutionality of the petition, by a written notice to the Supreme Court and to the proponent or proponents filing the petition. Any such protest must be filed within ten (10) business days after publication. A copy of the protest shall be filed with the Secretary of State.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 132, 804 P.2d 1125, 61 OBJ 3359, Evans v. State Election Bd. of State of Okl.
Discussed
 1992 OK 122, 838 P.2d 1, 63 OBJ 2386, Initiative Petition No. 349, State Question No. 642, In re
Discussed at Length
 1994 OK 97, 879 P.2d 810, 65 OBJ 2546, In Re Initiative Petition No. 360, State Question No. 662
Discussed
 1996 OK 145, 916 P.2d 1390, 67 OBJ 1517, ROBINSON v. STATE ex rel. OKLA. STATE BOARD OF MEDICAL LICENSURE
Cited
 1946 OK 171, 170 P.2d 208, 197 Okla. 291, HARDING v. STATE ELECTION BD.
Discussed
 1960 OK 245, 357 P.2d 421, WICKERSHAM v. STATE ELECTION BOARD
Discussed
 2002 OK 21, 46 P.3d 123, IN RE: INITIATIVE PETITION NO. 366, STATE QUESTION NO. 689
Discussed at Length
 1910 OK 165, 109 P. 558, 26 Okla. 403, THREADGILL v. CROSS
Discussed at Length
 2004 OK 75, 107 P.3d 556, IN RE: LEGISLATIVE REFERENDUM NO. 334, STATE QUESTION 711
Discussed at Length
 1975 OK 36, 534 P.2d 3, IN RE SUPREME COURT ADJUDICATION, ETC.
Discussed at Length
 2014 OK 22, 324 P.3d 399, HALL v. THE GEO GROUP, INC
Discussed
Title 34. Initiative and Referendum
 Cite
Name
Level

 34 O.S. 8, Filing Copy of Proposed Petition - Publication - Protest - Hearing and Determination - Signature Gathering Deadline
Discussed at Length
 34 O.S. 9, Ballot Title - Filing - Review - Appeal
Cited
 34 O.S. 10, Appeal Upon Question of Ballot Title
Cited